JOHN ANGELL AND WIFE V. STREET & THOMPSON.

Where there is no statement of facts or bill of exceptions, an application for a new trial, however well supported by the affidavit of a witness absent at the trial, this Court will not undertake to adjudge that the Court below erred in refusing it.

Error from Rusk. Tried below before Hon. C. A. Frazer.

Suit upon an account for merchandize. Judgment for defendant in error, and a motion for a new trial, based upon affidavit, which was refused, and this refusal is argued as error. There is no statement of facts or bill of exceptions in the record.

*Hollingsworth & Jones, Armstrong & Parsons,* and *M. D. Ector,* for plaintiffs in error. The only point in this case is whether the Court below erred in overruling the motion of one of the defendants below for a new trial, supported by the affidavit of her witness, James R. Angell. These affidavits, we think, bring this case clearly within the rule laid down in the case of Spencer v. Kinnard, (12 Tex. R. 180.) In this case the defendant, Mahala Angell, was detained from Court by severe illness, when judgment was rendered against her. Her witness, by whom she could have proved her defence, was absent, without her procurement or consent. In this case the motion for a new trial was supported by the affidavit of the witness, and the facts which she proposed to prove by said witness were mateial, were facts peculiarly within the knowledge of the witness, and constituted a good defence to the action.

This case also comes fully up to the rule laid down in the case of Ward v. Cobbs, (14 Tex. R. 303.)

Angell v. Street & Thompson.

*M. D. Graham*, for defendant in error. The judgment of the District Court, refusing a new trial, applied for on the grounds of the absence of a witness whose testimony is material, will not be reversed, unless it clearly appears from such testimony, taken in connection with the evidence introduced on the trial, that the right is with the appellants. (Abels v. Donley, 8 Tex. R. 331.)

In considering the motion for a new trial in this case, it was the duty of the Court to look to all the facts proved on the trial, in connection with the testimony of the absent witness, Angell, and if it concluded that it was not such as would be likely to change the result on a new trial, it was clearly the duty of the Court to overrule the motion. (Watts v. Johnson et al., 4 Tex. R. 311.)

There is no statement of facts in this case, and it is therefore impossible for this Court to determine whether or not the "right is with the plaintiff in error," or even to decide upon the materiality of the witness, James R. Angell, or whether his testimony is merely cumulative, or to what extent it conflicts with other evidence, or what might have been its effect upon a second trial. (Land v. Miller, 7 Tex. R. 463.)

Every presumption is in favor of the judgment of the District Court, and, in the absence of a statement of facts, it must be presumed that the Court exercised a proper discretion in overruling the motion for a new trial. (Ward, Com'r, v. Townsend, 2 Tex. R. 581 ; Borden et al. v. Houston, 2 Tex. R. 594 ; Punderson v. Love, 3 Tex. R. 60.)

The affidavit of Mahala Angell for a new trial is defective in not stating that the facts alleged to be within the knowledge of the absent witness, Angell, could not have been proved by others present. (Cotton v. The State, 4 Tex. R. 260.)

ROBERTS, J. In this case there was an application for a new trial by one of the defendants.

Apparently it presents a very strong case, and is well supported by the affidavit of the witness, whose absence is complained of. As there is no statement of facts or bill of exceptions in the record, it is impossible for this Court to know, through any legitimate channel, how much evidence was adduced on the trial, and how variant it was from that which the defendant states could have been adduced, and therefore its relative importance cannot be determined. At any rate, under such circumstances, this Court cannot undertake to adjudge that the Court below erred, there being nothing in any part of the record except this application upon which such judgment could be based.

This has been decided too often by this Court to require any further explanation. (Land v. Miller, 7 Tex. R. 463 ; 2 Tex. R. 581–594. and 3 Tex. R. 60.)

Judgment affirmed.