Adopted February 24, 1891.

---

### M. C. DOUGLAS v. J. T. BAKER ET AL.

#### No. 6786.

1. **Venue—Suit to Supply Lost Power of Attorney.**—Articles 4286 and 4287, Revised Statutes, authorizing suits to supply lost records in the county of the record and where the loss occurred, does not apply to lost originals. Suit to supply a lost power of attorney under which land was conveyed should be brought in the county of the residence of the defendant and not where the land is situated.

2. **Waiver—Submitting to the Jurisdiction.**—The defendant in an action to supply a lost power of attorney under which the plaintiff claimed, brought in the county where the land lies, after pleading to the jurisdiction of the court, further set up in reconvention that she owned the land, making a purchaser pending suit a party, and praying for judgment for the land and rents and profits. The objections to the jurisdiction were overruled and trial had upon the merits. Upon appeal the defendant was held to have submitted to the jurisdiction of the court.

3. **Joint and Several Power of Attorney—Death of One.**—A power of attorney to two parties authorizing them or either of them to act upon the death of one, survives, and the power may be executed by the survivor.

4. **Parol Sale of Land by an Agent.**—An agent having written authority to sell agreed with a purchaser upon the price, had the land surveyed, and pointed out its boundaries, put the purchaser into possession, receiving the purchase money, which was paid to his constituents. The purchaser upon entry made improvements upon the land of value $965. *Held.* the facts constituted a valid sale of the land.

5. **Power of Agent.**—An agent having authority under two instruments may act under either. The question as to which was exercised is immaterial.

6. **Special Issues.**—It is correct practice on trial involving a number of distinct facts which together would determine the litigation, to submit special issues to the jury. See example.

7.  **Husband and Wife.**—Upon sale of wife's separate property a payment of the purchase money to the husband binds the wife.  He is authorized to receive it.

8.  **Verdict.**—The record not showing that the verdict was signed, but the judgment reciting that the jury returned their verdict, stating what it was, it will not be presumed that the verdict was not signed.

9.  **Immaterial Finding by Jury.**—The jury found against the testimony upon a special issue whether the land was the separate property of the wife.  Under the facts and the other findings it was immaterial whether the land was the separate property of the wife or community.  *Held*, the action of the jury was no ground for reversal.

APPEAL from Denton.   Tried below before Hon. F. M. Davidson, Special District Judge.

This suit was instituted on May 5, 1886, by J. F. Baker against Mary C. Douglas, to substitute an alleged power of attorney from Douglas and deceased husband to F. E. Piner and W. J. Austin, jointly and severally, which it was claimed had been lost.   Defendant Douglas resided in the county of Houston and plaintiff Baker in Denton County.   The land was situated in Denton County, and was 200 acres of the W. C. Brookfield survey, claimed by plaintiff under a deed executed in name of Mary C. and C. E. Douglas on April 13, 1880, by W. J. Austin, acting as agent and attorney in fact for the said Douglas and wife.   It was alleged that this power of attorney was duly acknowledged before some officer in Houston County and that such instrument was never recorded.   It was alleged that said deed by Austin as agent was to H. P. Holmes, and that Holmes thereafter conveyed the land to plaintiff Baker, and by amended pleading plaintiff alleges that he had, pending this suit, conveyed the land to S. F. Reynolds.   The defendant demurred generally and excepted specially to jurisdiction of the court and for other causes, and filed answer under oath denying the execution or delivery of any such power of attorney or that she ever acknowledged the same as alleged.   Defendant further pleaded in reconvention that she is the owner of the 200 acres of land in question, and asks that S. F. Reynolds be cited, and that she have judgment for said land, etc.

Defendant's exceptions were overruled, to which defendant excepted, and trial had at July Term, A. D. 1888.

The court submitted special issues to the jury.   The issues submitted and the findings by the jury are as follows:

"1.   Was there such an instrument as a power of attorney made and executed by M. C. Douglas and her husband, C. E. Douglas, to Piner & Austin, and delivered to them some time during the year 1879?"

Response.   "We do."

"2.   If you believe from the evidence that such an instrument was in existence, was it properly executed, signed, and delivered; that is, does the evidence show that Mrs. M. C. Douglas and her husband signed and acknowledged said power of attorney?"

Response.   "We do."

"3.   Does the evidence show that F. E. Piner was an attorney in fact for M. C. Douglas and her husband, C. E. Douglas, duly constituted and appointed under a written power of attorney duly executed and acknowledged by the said M. C. Douglas and her said husband on or about April 13, 1880, at the date of the deed to H. P. Holmes?"

Answer.   "It does."

"4.   Did the said Piner, as such attorney in fact, make the sale of the land in controversy to H. P. Holmes, and place him in possession of said land?"

Answer.   "He did."

"6.   Did the said Holmes, under the said contract with said Piner as the agent of Mrs. Douglas, make any permanent and valuable improvements on said land?   If so, what was the value of said improvements, and when?"

Answer.   "He did; value of improvements $965, made in the year 1880."

"7.   Did Mrs. Douglas or her husband or both receive the said purchase money?"

Answer.   "Yes."

"8.   What was the amount of the purchase money received under said sale?"

Answer.   "About $600."

Endorsed upon the charge was the general verdict:

" We the jury find for the plaintiff.

"D. J. CARTER, foreman."

Special issues submitted at the request of defendant Reynolds:

"1.   The court instructs you that the plaintiffs, J. T. Baker and S. F. Reynolds, have introduced in evidence a joint and several power of attorney to Welsh & Piner, dated September 8, 1874, and executed by Charles E. Douglas and M. C. Douglas, and that said power of attorney was properly acknowledged, and constituted Welsh & Piner or either as the agent of defendant, M. C. Douglas, with full authority to sell said W. C. Brookfield survey of land in Denton County, and that said power of attorney was not recorded till the year 1882, and you will so find.

"Did F. E. Piner, as the agent of M. C. and Charles E. Douglas, sell the land described in plaintiff's petition to H. P. Holmes?   If so, when and for what price?"

Answer.   " We do; on or about the 13th of April, 1880, at $3 per acre."

"2.   Did said Piner, as such agent, have the land run off and marked on the ground which he sold to H. P. Holmes?   And did he ever put said Holmes in possession of any portion of the W. C. Brookfield survey of land?   If so, when and what portion of the said Brookfield survey?"

Answer.   " He did."

5.   "Did the said M. C. Douglas or her husband, Charles E. Doug-

las, know that said Piner, as their agent, had sold the land described in plaintiff's petition to said Holmes? If so, when and for how long have they or either of them known of such sale?"

Answer. "They did, since date of sale."

The court rendered judgment for the plaintiffs and Reynolds for the land and for substitution of the power of attorney as asked, and for costs. The defendant appealed.

*D. A. Nunn*, for appellant.—1. It is believed that articles 4286, 4287, *et seq.*, Revised Statutes, under which this proceeding was instituted, authorize and intend to give jurisdiction to supply lost records and recorded deeds by suit in the county where such records existed, but not to change the general rule as to venue except where a record was made and lost, and therefore the suit was improperly brought in Denton County. Railway v. Harris. 73 Texas, 375.

2. It was error to admit the power of attorney from Douglas and wife to Welsh & Piner, of date 1874, because the same was not relevant and could not in any way aid plaintiff's claim under deed from W. J. Austin as attorney in fact of Douglas and wife, the said Austin having no connection with the firm of Welsh & Piner, and such evidence was misleading and prejudicial to defendant Douglas.

3. The court erred in giving special charges asked by plaintiff as to effect of power of attorney to Welsh & Piner, the same being irrelevant; and for giving repeated instructions on this point, thereby misleading the jury and impressing them with the belief that if there existed authority in Piner, by virtue of the power of attorney to Welsh & Piner, to make a sale, such power might be available to validate and make good the deed to Holmes by Austin, acting as attorney in fact for Douglas and wife, and that such a sale could be sustained without an execution of the power by Piner; and further, for impressing the jury with the idea that if Piner negotiated the sale with Holmes and received the purchase money and put Holmes in possession, etc., it would be a complete and valid sale and binding on this defendant.

4. The findings of the jury do not warrant a judgment against defendant:

(1) Because there are no findings presented and signed by the jury in response to special issues submitted.

(2) Because the matter submitted to the jury and their findings thereon, if entitled to be considered as findings, are not such as furnish a legal basis for a judgment against the defendant upon the issues of the case.

(3) Because there is no finding that there was ever a separate acknowledgement of Mrs. Douglas as to such alleged power of attorney to Piner & Austin, nor privy examination such as required to bind a married woman, nor any proof whatever that she ever executed such an instrument or

signed the same.    Wherefore the verdict and judgment are without evidence to support them.    Aiken v. Jefferson, 65 Texas, 140; Mussina v. Shepard, 44 Texas, 623; Tillman v. Brown, 64 Texas, 181; Raines v. Calloway, 27 Texas, 678.

5.    It is submitted that the fair intendment and proper legal construction of this power of attorney was to clothe the partnership of Welsh & Piner with authority to represent the principals and to make sales; and for convenience of execution it was provided they might act jointly and severally.    That by this contract they, Welsh & Piner, shared equally in the profits and were equally bound and responsible for faithful service in performance of contracts; that the death of Welsh withdrew him and his estate from liability to the principals for future acts and necessarily terminated the partnership and with it the powers conferred, and that the surviving partner only retained power to finish and settle uncompleted transactions, with no authority to embark in new enterprises or undertake new business in behalf or on account of such partnership.

It is not believed that this power of attorney can be rightly considered as in the nature of a joint and several power conferred upon two or more persons not associated as partners, for in such case the trust is personal and individual as well as joint; but in such joint and several power to partners it will be considered that respect is had to the partnership relation, and the law so treats it as to partnership business, even though the contract was alone with one of the partners.    2 Washb. Real Prop., 614; 2 Kent's Com., 838, 841, Lect., 41; Coke on Littleton, sec. 66; Hunt v. Roumaine, 8 Wheat., 201; Story on Agency, 44, 488; 1 Wait's Act. and Def., 125.

*Smith & Bell,* for appellee.— 1.  The court did not err in overruling the defendant's exception to the jurisdiction of the court because of her residence in the county of Houston at the institution of the suit, because the petition alleged the existence and loss of said power of attorney in Denton County, and that the appellee Baker had an interest in the power of attorney for the substitution of which the suit was brought in the county where the land was located, the title to which was affected by the substituted power.    Rev. Stats., arts. 4287, 4288.

2.    The appellant waived her personal privilege and submitted to the jurisdiction of the court by her plea in reconvention in this suit, whereby she sues for the title and possession of the land described in plaintiff's petition.

3.    If the ruling of the court in refusing to strike out that part of the testimony of S. F. Reynolds which relates to statements made to him by Charles E. Douglas concerning said power of attorney was error, then the same was immaterial and not reversible error, because the undisputed evidence shows that F. E. Piner was an agent of M. C. Douglas and her

husband at the time of sale to H. P. Holmes, and that he as such agent had the authority to make such sale and did make the same and collected the purchase money therefor; had the said 200 acres of land run off and the corners thereof established upon the ground, and placed said Holmes, the vendor of plaintiff Baker, in possession of said land, and that while in the possession of the same made thereon valuable improvements to the amount of $1525; and the finding by the jury of these facts, independent of their findings on the power of attorney to Piner & Austin, were clearly sufficient for and authorize no other judgment than the one that was rendered for appellee Reynolds.    Stephens & Andrews v. Bank, 62 Texas, 499; Schneider & Davis v. Stephen, 60 Texas, 419; Jackson v. Deslande, Posey's U. C., 674; Ross v. Kornrumpf, 64 Texas, 390; Ins. Co. v. Ende, 65 Texas, 118; Railway v. Delahunty, 53 Texas, 206; Railway v. Snelling, 59 Texas, 116; Neatherly v. Ripley, 21 Texas, 434; Davison v. Poole, 65 Texas, 376.

4.    The power of attorney from Chas. E. and M. C. Douglas to Welsh & Piner, dated September 8, 1874, was both material and relevant to the issue made by defendants S. F. Reynolds and Baker, in their answer to the appellant's plea in reconvention, and was properly admitted in evidence.

5.    The court submitted by special issues the essential questions upon which the merits of the case depend, and the verdict of the jury decides such questions and warrants and supports the judgment rendered.    Railway v. Snelling, 59 Texas, 116; Sears v. Sears, 45 Texas, 557; Neatherly v. Ripley, 21 Texas, 434; Davison v. Poole, 65 Texas, 376; Clay v. Power, 24 Texas, 304.

6.    The power of attorney from appellant and her husband to Welsh & Piner was a joint and several power conferred on Otis G. Welsh and F. E. Piner, and authorizing a several execution, and was not intended to be a power conferred on the partnership nor for partnership purposes, but the power conferred thereby on either would survive the death of the other and a several execution thereof was valid.    Story on Agency, 4 ed., sec. 42, p. 50.

COLLARD, JUDGE.—This suit was brought by the appellee, J. T. Baker, in Denton County, against M. C. Douglas, appellant, a *feme sole*, widow of C. E. Douglas, to establish by decree a lost power of attorney alleged to have been executed by C. E. and Mary. C. Douglas, husband and wife, in 1879, to F. E. Piner and W. J. Austin, a firm of lawyers and land agents doing business under the firm name of Piner & Austin, in which power of attorney they and each of them jointly and severally were authorized to. sell and make deeds to the 200 acres of land described in the petition and other lands situated in Denton County.

It is alleged that the power was duly executed by Douglas and wife,

and duly acknowledged as required by statute; that it was lost in Denton County; that Austin, acting under the power, executed a deed to the 200 acres of land in controversy to H. P. Holmes on the 13th April, 1880, who conveyed the same to plaintiff Baker, who during the pendency of the suit conveyed it by deed to S. F. Reynolds; that Holmes paid $600 for the land to Piner & Austin, and that when Baker sold to Reynolds it was agreed that the former was to perfect the title. The prayer of the petition was for the substitution of the power, and nothing more.

Defendant specially excepted to the jurisdiction of the court, because her residence was alleged to be in Houston County and the suit was brought in Denton County; but lest the exception should be overruled she answered by a general denial; denied that she had ever executed the power; admitted that she and her husband had executed a power of attorney to Otis Welsh and F. E. Piner, which was of record in Denton County, under which Piner had sold lands of her separate estate in December, 1882, but that she knows of no other and never executed any other. She pleads in reconvention; sets up her ownership of the land as her separate estate; asks rents and profits from Reynolds, who purchased the land during the pendency of the suit; that he, Reynolds, is in possession of the same, witholding it from her, and prays for citation to him and judgment against him and plaintiff for the land.

Reynolds and Baker answered her plea in reconvention, setting up that Piner, acting under the power to Welsh & Piner, it being a joint and several power to sell and convey the land, sold the same to Holmes, who paid $600 for the same; that Piner put him in possession, and that Holmes and Baker had made permanent and valuable improvements on the land amounting to $1525, and prayed for title, etc. Some two years after the exceptions to the petition for want of jurisdiction were filed, after announcement for trial by both parties, the court overruled the exceptions, and after trial upon the merits, upon a verdict rendered judgment for plaintiff and Reynolds for the land. Had the defendant, Mrs. Douglas, rested upon her exceptions to the jurisdiction, that she was, as shown by the petition, sued out of the county of her residence, the court should have sustained the same. The statute authorizing suit to supply lost records in the county of the record and where the loss occurred does not apply to lost originals. Rev. Stats., arts. 4286, 4287.

But we think that the defendant having invoked the jurisdiction of the court upon original and independent matter set up by her, claiming the land, making Reynolds a party, and asking judgment against him for the land, waived the question of jurisdiction raised by her exceptions. The entire form of the motion was changed by her from a suit to establish a lost power of attorney to an action of trespass to try title, and in order to a recovery she made the person claiming the land a party defendant. The issue made by her was tried and adjudged against her. Having brought

into court a new party defendant to try title to the land with him as a purchaser from plaintiff pending the suit; becoming the actor, and claiming affirmative relief upon an issue with him that could only be tried in the county where the land was situated, she was in no attitude to disclaim the jurisdiction of the court or to insist upon her exceptions.   She voluntarily submitted to the jurisdiction of the court, or rather invoked its jurisdiction as to a new party, and ought not to be allowed to repudiate it.

We do not think it necessary to examine questions arising upon the alleged power of attorney to Piner & Austin of 1879, because the other power to Piner and Welsh of 1874 being joint and several, authorizing them or either of them to convey the land on such terms as they might deem to the interest of the owners, was sufficient authority to Piner to convey the land.   The power gave to each of the attorneys named the right to act, and one of them could do so, even after the death of the other, notwithstanding they were named and styled in the power a firm of lawyers and land agents.

When Welsh died the power was revoked as to him and as to the firm acting as such, his death having dissolved the copartnership; but we see no reason why the special power to Piner to act independently of Welsh was revoked by the latter's death.   Either one of them had the right to act, and the dissolution of the firm or the death of one of its members would not affect the right of the other to act under his separate authority. Story on Agency, sec. 42, *et seq.*

Then, leaving out of view the alleged power of attorney to Piner & Austin, we will inquire whether or not Piner made such a sale as, coupled with the acts of Holmes, who it is claimed purchased of him, constituted a good conveyance, binding upon his principals.   It was in proof, and the verdict of the jury in answer to special issues submitted to them by the court in the charge established the facts, that Piner as attorney in fact made a sale of the land, the 200 acres in controversy, to H. P. Holmes, the vendor of J. T. Baker, the plaintiff; that Holmes paid the purchase money, $600, to Piner, which was received by Douglas and wife or one of them; that Holmes went into possession at the time of the sale, in 1880, and made permanent and valuable improvements upon the land, of the value of $965, the same year.

These facts specifically found by the jury vested the equitable title to the land ir Holmes.   Neatherly v. Ripley, 21 Texas, 435.   Under such circumstances Mrs. Douglas could not recover the land.   Hubbard v. Horne, 24 Texas, 270; Bracken v. Hambrick, 25 Texas, 409.

There is no doubt of the existence of the facts as found by the jury, nor was there any ambiguity in the sale.   The fact that Piner may have supposed he was acting under the power to him and Austin, and that a deed was made by Austin, would be immaterial.   Link v. Page, 72 Texas, 592.   The trade was made by Piner; he caused the land, the 200 acres,

to be surveyed for Holmes and put him in possession; he received the purchase price of the land and paid it to Douglas, part of it in cash at the time of the sale and the balance when it fell due; the power of 1874 was recognized by Douglas and wife in 1882, before they formally revoked it on December 13 of that year.　Under these circumstances it can not be said that Piner acted without authority.　There is no presumption that the power was revoked by lapse of time, nor can it be said by Mrs. Douglas that it was revoked by the alleged power of 1879, because if that power was sufficiently proved to revoke by implication the former power, it would also be sufficiently proved to authorize the sale by Piner and the deed by Austin.　Assuming that Mrs. Douglas is correct in her position that there was no power to Piner & Austin, she can not maintain the assertion that such power revoked the former power.　She can not complain of the court's ruling in admitting the power of 1874.

It was correct to submit the issues arising thereon by special interrogatories, so that it could be definitely known whether the jury found the necessary facts of its due execution independently of their finding upon the later power.　The issues so submitted were pertinent, clear, and unambiguous, and the answers to them virtually settled the controversy and authorized the judgment.

It is of no consequence whether the consideration of the sale was paid to Mrs. Douglas or not.　Her husband was authorized to receive it, even if it were the proceeds of a sale of her separate property.　There was no error in the court charging the jury, by request of defendant Reynolds, as to the legal effect of the power of attorney by Douglas and wife to Welsh & Piner.

Appellant complains that the special findings of the jury were not signed by them.　The record does not show whether the special findings were signed by the jury or not.　There was a general finding in favor of plaintiff consistent with the special findings, signed by the foreman of the jury, and this was endorsed on the charge of the court.　The judgment of the court, after reciting that a jury was duly empaneled and sworn, proceeded as follows: "And who, after hearing the evidence in this cause, retired to consider of their verdict under the instruction of the court, and after due deliberation returned into court the following verdict in response to the following special issues to them submitted by the court."

Then follows the questions propounded by the court and responses of the jury, upon which the judgment is based, holding that the sale by Piner under the power of 1874 was valid.　In the face of the judgment declaring that the jury returned into court their verdict, stating what it was, it would not be presumed that it was not signed.　If it should be held that the statute requiring a verdict to be signed is mandatory and not merely directory, it could not be said on appeal, where there is no bill of exceptions or other matter of record showing the fact, that it was not properly signed.

One of the interrogatories propounded by the court to the jury was as follows: "Was the land in controversy the property of M. C. Douglas on the 13th day of April, 1880, prior to the deed of P. H. Holmes by W. J. Austin, as attorney in fact for Douglas and wife?" The answer of the jury was, "It was not."

The evidence clearly shows that the land was her separate property at the time mentioned, and appellant assigns error on the finding. We think the finding wholly immaterial. If the jury had found that it was her separate estate the fact could not have affected or changed the result of other findings; the judgment must have been the same.

We conclude that the verdict of the jury that Piner executed the power of attorney of 1874, and that such acts were done on the part of Holmes as to vest in him the equitable title to the land, was amply supported by the evidence; and finding no reversible error in the rulings of the court, it is our opinion that the judgment of the court should be affirmed.

*Affirmed.*