## THORNDALE MERCANTILE CO. v. EVENS & LEE et al.

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1912. On Motion for Rehearing, April 10, 1912.)

1. VENUE (§ 22\*)—RESIDENCE OF DEFENDANT —JOINING OTHER DEFENDANTS TO AFFECT JURISDICTION.

Plaintiff was the assignee of a claim against the defendant, which had its sole place of business in M. county, and by the terms of the assignment, the assignor, who resided in W. county, was in no contingency liable to the plaintiff, but plaintiff brought action thereon in W. county, making the assignor a party defendant for the sole purpose of litigating its claim against the defendant in W. county. *Held*, that such purpose was in law a fraud upon the jurisdiction of the trial court and a violation of defendant's right to be sued in M. county, and that defendant's plea of privilege to be sued in M. county should have been sustained.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.\*]

### On Motion for Rehearing.

2. APPEAL AND ERROR (§ 742\*)—REVIEW— MATTERS CONSIDERED—RECORD.

Courts of Appeals Rule 40 (142 S. W. xiv) requires counsel for an appellant in briefing his case to make a statement, under each assignment and proposition, of all the matters contained in the record pertinent thereto, and provides that, if such statement is not controverted, the court may accept it as correct and decide the question without examination of the record to verify appellant's statement. Appellant, in assigning error to the overruling of its plea of privilege to be sued in the county where it had its sole place of business, did not state that it had brought a cross-action, and appellee's brief stated that appellant claimed damages in excess of the amount sought to be recovered, and this statement was referred to as part of the statement made under appellee's first proposition. *Held*, that the rule was not mandatory, and that the court might look to the record in determining whether appellant by its cross-action had waived its plea of privilege.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.\*]

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**3. VENUE (§ 32*)—PRIVILEGE OF DEFENDANT —WAIVER.**

The filing of a cross-action seeking affirmative relief is equivalent to the institution of an independent suit, and constitutes a waiver of a plea asserting the right to be sued in another county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

**4. SET-OFF AND COUNTERCLAIM (§ 29*) — BUILDING CONTRACT—DEFENSES.**

In an action for a balance alleged to be due on a building contract, the defendant, if entitled to recover for injury to the building resulting from a breach of the contract, may also recover for injury to the merchandise in the building.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent.Dig. § 49–51; Dec.Dig. § 29.*]

**5. PLEADING (§ 20*) — PETITION — LIABILITY IN ALTERNATIVE.**

A petition, showing that a defendant or its codefendant was liable to the plaintiff, does not assert a distinct and unconditional liability against either defendant, and hence does not state a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 43; Dec. Dig. § 20.*]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by the Phillip Carey Company against the Thorndale Mercantile Company, S. F. Evens, and L. M. Lee, with counterclaim by the Thorndale Mercantile Company. Judgment for plaintiff, and defendant Thorndale Mercantile Company appeals. Reversed and remanded.

E. A. Camp, for appellant. O. E. Roberts, for appellees.

KEY, C. J. The Phillip Carey Company, a foreign corporation, brought this suit in the county court of Williamson county against Thorndale Mercantile Company, doing business in Milam county, and against S. F. Evens and L. M. Lee, both residents of Williamson county. In its original petition the plaintiff alleged that the Thorndale Mercantile Company entered into a contract with Evens & Lee, by which the latter were to construct for the former a certain building at Thorndale in Milam county; that Evens & Lee constructed the building, and the Thorndale Mercantile Company paid them the amount owing therefor except $233; that Evens & Lee, by a written instrument, had transferred and assigned to the plaintiff said unpaid portion of the consideration for the construction of said building, and the suit was brought to recover the sum of $233, the amount thereof. The petition referred to did not allege any facts showing liability against Evens & Lee, but prayed that all the defendants be cited, and that upon final trial the plaintiff "have judgment for its damages, for costs of suit, and for general relief." In due time and order the defendant Thorndale Mercantile Company filed a plea to the jurisdiction of the court, asserting its privilege to be sued in Milam county.

The plea was in due form, and charged that the plaintiff had made Evens & Lee parties for the fraudulent purpose of conferring jurisdiction upon the court in the plaintiff's suit against the Thorndale Mercantile Company. After that plea was filed, the plaintiff filed an amended original petition, in which it alleged that Evens & Lee represented and guaranteed to the plaintiff that the Thorndale Mercantile Company was indebted to the firm of Evens & Lee in the sum of $233, and in that petition the plaintiff sought to recover from Evens & Lee if it was not entitled to recover against the Thorndale Mercantile Company. Upon the hearing as to the plea of privilege, the following testimony was submitted:

"It was agreed and admitted by all parties in open court that defendant Thorndale Mercantile Company was a corporation, incorporated under the laws of Texas, with its principal office and place of business at Thorndale, in precinct No. 8, of Milam county, Tex., where it has had and maintained its only place of business during all of its existence, and that at no time has it ever had or maintained an agent, office, or place of business in Williamson county, Tex. And it was further agreed and stated in open court by all parties that the said Thorndale Mercantile Company had not contracted in writing to perform the obligation sued on nor to pay the money sued for in any particular county, and that none of the exceptions of venue mentioned in article 1194, 1195, and 1585 existed in this case, except subdivision 4 of article 1194 of the revised statutes of 1897, if it applies.

"The defendant Thorndale Mercantile Company next offered in evidence a witness, S. F. Evens, who testified as follows: 'I am S. F. Evens, one of the defendants in this case, and am a member of the firm of Evens & Lee, who made the contract herein sued on with Thorndale Mercantile Company, and with the Phillip Carey Company, for the roofing. My partner, Mr. Lee, and myself both reside at Taylor, in Williamson county, Tex., where we both have resided before, at the time of, and ever since the institution of this suit. I made the contract with said Thorndale Mercantile Company to build said building, and made the contract with the Phillip Carey Company, plaintiff, to put the roofing on same after the building was completed. The balance due by Thorndale Mercantile Company under said building contract to my firm was $233, and we owed the Phillip Carey Company a balance of $185, less some freight of about $18 that we had paid for them. Acting for the firm of Evens & Lee, we finally transferred to plaintiff the claim against Thorndale Mercantile Company of $233, and gave them a written transfer of same.' Here the witness identified the said assignment, which was as follows: 'The

state of Texas, County of Williamson. Know all men by these presents: That we, Evens & Lee, a copartnership, composed of S. F. Evens and L. M. Lee, for value received, do hereby transfer, assign and set over to the Phillip Carey Company, the sum of two hundred and thirty-three and no/100 dollars, being the balance due us from the Thorndale Mercantile Company, a private corporation, duly incorporated and having its principal place of business at Thorndale, Texas, for the construction of a certain building by us for the said Thorndale Mercantile Company, under written contract of date January 10, 1910. And this is to authorize and direct the said Thorndale Mercantile Company to pay to the said Phillip Carey Company the said sum of $233. Witness our hands this the 15th day of December, A. D. 1910. Evens & Lee, By S. F. Evens, A member of said firm.' And which assignment was offered in evidence by the plaintiff. 'We did not owe the plaintiff all of the $233, but in order to get rid of the matter, and settle the Phillip Carey Company claim of $185 against us, and to avoid having to bring suit ourselves, we transferred the entire claim of $233 to the Phillip Carey Company, in full settlement of their claim against us. It was my understanding, also, that one of the purposes of this transfer was to enable the Phillip Carey Company to bring this suit against the Thorndale Mercantile Company and Evens & Lee in Williamson county. After we made this transfer, the plaintiff filed suit against the Thorndale Mercantile Company and the firm of Evens & Lee, and my firm of Evens & Lee waived citation and made their appearance in court in this cause.' The witness next identified the contracts between Evens & Lee and Thorndale Mercantile Company and between Evens & Lee and plaintiff, which are hereinafter copied and marked 'Contract A' and 'Contract B,' respectively, and which contracts were offered in evidence by defendant Thorndale Mercantile Company, which contracts are copied in full on pages 5 to 12, inclusive, hereof, and are referred to and made a part hereof. 'We transferred this claim to plaintiff. We told plaintiff that Thorndale Mercantile Company owed us a balance of $233 on our contract for constructing the building, and we transferred to them this amount in settlement of their claim against us. We represented to plaintiff that the balance due under the contract was $233, but we did not guarantee same, and did not put any guaranty into the written assignment that the $233, or any part of it, would be paid. We merely assigned this claim to plaintiff in settlement of their claim against us, and to enable them to bring suit in Williamson county against the Thorndale Mercantile Company and my firm. And Phillip Carey Company, plaintiff, accepted this assignment in full settlement of their claim against Evens &

Lee.' The witness further stated that Thorndale Mercantile Company had not promised or agreed to pay any amount at any certain place, and that the building mentioned in the contract and constructed for Thorndale Mercantile Company was located in Milam county, Tex., and that all of the work was done in that county. Witness further stated that Evens & Lee had made the contract with plaintiff to put the roof on the building, but that the contract with Thorndale Mercantile Company made by Evens & Lee called for 'Carey' roofing to be laid by the plaintiff, and that acting under the terms of this contract Evens & Lee arranged and contracted with plaintiff for the material and laying of said roof on said building."

After hearing the foregoing, the trial court overruled the plea of privilege, and the case was then tried upon its merits, and a verdict and judgment rendered for the plaintiff against the Thorndale Mercantile Company, and that the plaintiff take nothing as against Evens & Lee, and the Thorndale Mercantile Company has appealed.

[1] The first assignment complains of the action of the trial court in overruling and not sustaining the defendant's plea of privilege to be sued in Milam county, and we sustain that assignment. The clear and undisputed testimony shows that Evens & Lee did not guarantee the payment of the cause of action which they assigned to the plaintiff, and that they were in no wise and upon no contingency liable. According to the evidence of Evens, the only witness who testified concerning the matter, there was no guaranty, misrepresentation, or concealment by Evens & Lee; and, as a result of the transaction between them and the plaintiff, the latter paid them about $185 for their claim of $233 against the Thorndale Mercantile Company. Upon that state of facts, no pretext or excuse could exist for making them parties to the suit; and therefore it must be held that they were made parties defendant for the sole purpose of litigating the plaintiff's claim against the Thorndale Mercantile Company in Williamson county, and such purpose was in law a fraud upon the jurisdiction of the trial court and a violation of the Thorndale Mercantile Company's right to be sued in Milam county.

In view of our conclusion upon the question just disposed if, we deem it improper to consider the other questions presented in appellant's brief.

On account of the error referred to, the judgment is reversed, with instructions to the court below to sustain the plea of privilege and transfer the case to the county court of Milam county.

Reversed, with instructions.

### On Motion for Rehearing.

At a former day of this term this court reversed this case with instructions to sus-

tain appellant's plea of privilege, and transferred the case to Milam county. One of the appellees, the Phillip Carey Company, the plaintiff in the court below, and in whose favor judgment was rendered against appellant, has filed a motion for rehearing, and has presented the proposition that this court erred in holding that the trial court should have sustained the plea in abatement, because it appears from the record that' appellant presented and prosecuted a cross-action in the court below against both the plaintiff and appellant's codefendants, Evens & Lee.

[2, 3] As the case was originally submitted, appellant's brief did not disclose the fact that a cross-action was presented; and while appellees' brief, in giving a preliminary statement of the nature and result of the suit, stated that appellant claimed damages in excess of the amount sought to be recovered by appellee, still the filing of the cross-action was not urged as a waiver of the plea of privilege, and no authorities upon that subject were cited. In view of these facts, counsel for appellant, in reply to the motion for rehearing, invoke rule 40 (142 S. W. xiv), and insist that this court should not now consider the question of a waiver of the plea of privilege by filing the cross-action. The rule referred to, and another preceding it, require counsel for an appellant, in briefing a case, to make a statement under each assignment and proposition of all the matters contained in the record pertinent to the assignment, and provide that, if the statement made in appellant's brief is not controverted, the appellate court may accept it as correct, and decide the question without examining the record to verify the appellant's statement. But that rule is not mandatory, and the appellate court may, at any time, while it has the case under consideration, look to the record in determining any question presented for decision. Furthermore, in this case, while the statement made by appellant under the assignment of error complaining of the action of the court in overruling the plea of privilege was not specifically controverted in appellee's statement under its counterpropositions replying to that assignment, appellee's preliminary statement of the case indicated that appellant had asserted a cross-action seeking to recover damages, and that preliminary statement was referred to as part of the statement made under appellee's first counter proposition. Hence we have concluded that it is proper for this court to consider and decide whether or not by filing and prosecuting its cross-action appellant waived its plea of privilege; and that question seems to have been already settled in this state, the rule being that the filing of a cross-action seeking affirmative relief is equivalent to the institution of an independent suit, and constitutes a waiver of a plea asserting the right to be sued in another county. Douglas v. Baker,

79 Tex. 499, 15 S. W. 801: Slator v. Trostel, 21 S. W. 285; Grizzard v. Brown, 2 Tex. Civ. App. 584, 22 S. W. 252; Benchoff v. Stephenson, 72 S. W. 106; Kolp v. Shrader, 131 S. W. 860. Hence we have concluded that this court erred in the ruling heretofore made in this case. But, after due consideration of other questions presented, we have reached the conclusion that the case must be reversed and remanded for another trial in the court below for the following reasons:

[4] In its cross-action appellant alleged that appellees had breached their contract in reference to the construction of a certain building, and that, as a result of that breach, when it rained water leaked through the roof and caused certain damages to the building and to the stock of merchandise which appellant had therein. The plaintiff presented exceptions to the plea referred to, and the ruling of the court was, in effect, that appellant might recover for injuries to the building, but not for injuries to the merchandise. In the latter ruling we think the court erred. If appellant was entitled to recover on account of defects in the roof, which resulted in water flowing through the same and into the building when it rained, we see no reason why injury to the merchandise located in the building was not as direct and proximate a result of the defect in the roof as was the injury to the walls caused by the leak. Of course, in making this ruling, we do not wish to be understood as holding that appellant was entitled to recover anything on its cross-action; that was, and still will be, a question of fact to be decided by the jury, and we express no opinion in reference thereto.

The point made in reference to the form of the verdict need not be decided, because upon another trial the court can require the jury to so frame their verdict as to render it certain that they have passed on all of the issues presented by the pleadings of the respective parties. In fact, if all parties should agree, no doubt it would simplify the case very much if it should be submitted upon special issues; because, after ascertaining the facts, the court could apply the law and render judgment accordingly.

[5] Before concluding this opinion, we deem it proper to refer to a matter that has not been presented and discussed by either party. In the plaintiff's amended petition upon which the case went to trial, a state of facts was recited which the petition alleged showed that either the Thorndale Mercantile Company or its codefendants, Evens & Lee, were liable to the plaintiff. In other words, the pleading referred to did not assert a distinct and unconditional liability against either defendant; and therefore, according to the decision of our Supreme Court in Oglesby's Sureties v. State, 73 Tex. 658, 11 S. W. 873, it seems that it did not state a cause of action. As before stated, that question has not been presented in appellant's brief; but,

as there are decisions which hold that a petition so defective as to be vulnerable to a general demurrer presents a question of fundamental error, we deem it proper to at least refer to that question, in order that the plaintiff may amend its petition and cure the defect referred to.

For the reasons stated, the motion for rehearing is sustained, and the judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.