## F. T. RAMSEY & SON v. COOK et al.

(Court of Civil Appeals of Texas. Austin. May 29, 1912. On Motion for Rehearing, June 29, 1912. On Appellant's Motion for Rehearing, Oct. 16, 1912.)

1. VENUE (§ 32*)—PRIVILEGE—WAIVER.

Defendants, by a motion to quash under Rev. St. 1895, art. 1243, entered their appearance at the next term, and, as article 1241 declares that an appearance shall have the same force and effect as if citation had been duly issued and served, the motion did not bar them from filing a plea of privilege to be sued in another county, but that plea need not be filed until citation has been served.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. PRINCIPAL AND AGENT (§ 84*)—CONTRACTS —CONSTRUCTION.

Where defendants employed plaintiff to sell nursery stock for them under a written contract providing that defendants would allow plaintiff 50 per cent. of the price quoted, but that he should bear all expenses in selling, delivering, and collecting, and should owe and pay defendants for all stock shipped to him whether delivered or not, defendants should not be charged with any amount for sales uncollected, whether the same be represented by notes or otherwise.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 221; Dec. Dig. § 84.*]

### On Motion for Rehearing.

3. VENUE (§ 32*)—PRIVILEGE—WAIVER.

The filing of a cross-action and a trial on the merits waived the privilege of defendants to be sued in another county, being equivalent to the institution of a new suit by defendants invoking a jurisdiction of the court.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Coleman County Court; T. J. White, Judge.

Action by G. T. Cook and another against F. T. Ramsey & Son, begun in justice court. There was a judgment for plaintiffs, and on defendants' appeal to the county court judgment was again rendered for plaintiffs, and defendants appeal. Reformed and rendered.

Weatherred & McDaniel, of Coleman, for appellants. T. H. Strong and Woodward & Baker, all of Coleman, for appellees.

### Findings of Fact.

JENKINS, J. This suit originated in a justice's court in Coleman county upon an account alleged to have been due T. W. Galloway for selling fruit trees for appellants, and transferred to appellee Cook, and payment thereof guaranteed by Galloway. Ramsey & Son are nurserymen, whose residences are in Travis county, Tex. They employed Galloway under a written contract to sell nursery stock for them. Said contract provided, among other things, that "they (Ramsey & Son) will allow party of the second part (Galloway) 50% of the price quoted in their catalogue for selling and delivering nursery stock; but said party of the second part is to bear all expenses in selling, delivering and collecting. * * * Party of the second part owes and will pay said Ramsey & Son for all stock shipped to him, whether it is delivered or not." Galloway made out an account against Ramsey & Son, showing a balance due him of $119.13. In this account he charged Ramsey & Son with certain notes taken in payment of stock sold, which notes have not been paid, but were in the hands of appellee Cook's attorney at the time of the trial hereof, having been delivered to him by said Galloway. In the justice's court appellants moved to quash the citation against them, which motion was sustained, and the case was continued. At the next term of said court appellants filed a plea of privilege to be sued in Travis county, alleging that the pretended transfer and guaranty of the account sued upon was fictitious, and made with the fraudulent purpose of attempting to confer jurisdiction in Coleman county. Appellee Cook moved to strike out said plea of privilege for the reason that appellants, by filing a motion to quash the citation served on them, had waived the right to file said plea of privilege. Said motion was sustained, and judgment was rendered for the amount sued for. Similar action was had on said plea in the county court, and a like judgment was rendered therein.

### Opinion.

[1] The action of the court in striking out appellants' plea of privilege was error. Such plea was filed in due order of pleading. Railway Co. v. Lynch, 73 S. W. 67, and authorities there cited. Appellants were not required to file their plea of privilege until the next term of the justice's court after quashing said citation, for the reason that they were not in court until that time. By making said motion they entered their appearance at the next term of said court. Article 1243, R. S. What was the effect of such entry of appearance? Article 1241 declares that an appearance "shall have the same force and effect as if citation had been duly issued and served upon him, as provided by law." Had citation to the next term of said justice's court been duly issued and served upon appellants, it could not be doubted that they would have had the right to file their plea of privilege, which they did file at said term of said court.

Appellee Cook cites us to the case of York v. State, 73 Tex. 651, 11 S. W. 869, in support of the ruling of the trial court in this case. In that case the written contract of lease upon which the suit was brought provided that such suit should be brought in Travis county, Tex. It was brought in that county. York did not claim the privilege of being sued elsewhere, but his contention was that the process of the state of Texas could not run beyond its borders, and consequently the attempted service upon him in Missouri did not give the court jurisdiction to try the case which the state had brought against him. He made a motion to quash the service upon him. The Supreme Court held that this motion operated to enter his appearance, and had the same force as a citation legally served. Having thus brought himself into court, the court had power to render judgment in the case.

[2] 2. As we cannot know whether or not the evidence upon another trial will sustain appellants' plea of privilege, we deem it proper to indicate our construction of the contract between appellants and Galloway.

As we construe said contract, 50 per cent. of the value of all of the nursery stock shipped to Galloway was chargeable to him, and Ramsey & Son cannot be charged with any amount of said sales uncollected, whether the same be represented by notes or otherwise. Said notes should not be charged to Ramsey & Son, but to Galloway.

For the error of the court in striking out appellants' plea of privilege, and refusing to allow them to introduce evidence thereon, the judgment herein is reversed, and this case is remanded.

Reversed and remanded.

### On Motion for Rehearing.

[3] Upon a former day of the present term, we reversed and remanded this case for the error of the trial court in striking out appellants' plea of privilege. The briefs of the parties did not call our attention to the fact that appellants filed a cross-action against appellee Galloway, asking judgment against him for $49.40, by reason of matters growing out of the contract sued on. Ap-

pellees have called our attention to this fact on motion for rehearing.

The filing of said cross-action and a trial thereon on its merits was equivalent to the institution and trial of a new suit brought by appellants against appellee Galloway, and by such action appellants invoked the jurisdiction of the trial court. Thorndale Mercantile Co. v. Evans & Lee, 146 S. W. 1053; Kolp v. Shrader, 131 S. W. 860.

The motion for rehearing is granted, and the judgment of the trial court is affirmed. Affirmed.

### On Appellants' Motion for Rehearing.

As stated in the original opinion in this case, this court is called upon to construe the written contract sued on. In our judgment on appellees' motion for rehearing we overlooked this fact and affirmed the judgment of the trial court for the full amount. The uncollected sales, amounting to $86.95, as shown by the notes, and which in the judgment of the trial court were charged against Ramsey & Son, should be charged against Cook. This will reduce the judgment against Ramsey & Son by that amount.

Appellants' motion for a rehearing is granted, and the judgment of the trial court is here reformed so that the appellees recover of the appellants for the sum of $32.18, with interest at the rate of six per cent. per annum from January 1, 1911.

Reformed and rendered.