### KEELING & FIELD v. WALTER CONNALLY & CO.

(Court of Civil Appeals of Texas. Texarkana. April 24, 1913.)

1. JUSTICES OF THE PEACE (§§ 73, 74*)—PLEA OF PRIVILEGE—WAIVER OF OBJECTIONS.

Overruling of a plea of privilege interposed by defendant in justice's court is waived by his subsequent filing a cross-action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 236–242; Dec. Dig. §§ 73, 74.*]

2. PAYMENT (§ 82*) — PREPAYMENT OF FREIGHT BY SELLER—REIMBURSEMENT BY BUYER.

A seller who prepays freight may recover the same from the buyer contracting to pay the freight, and the payment is not voluntary.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 254–266; Dec. Dig. § 82.*]

3. CARRIERS (§ 194*) — LIABILITY FOR FREIGHT CHARGES.

In the absence of an agreement to the contrary, a consignor is generally responsible for the freight charges.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 870–872; Dec. Dig. § 194.*]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Action by Walter Connally & Company against Keeling & Field. From a judgment for plaintiff, defendants appeal. Affirmed.

Gregg & Brown, of Palestine, for appellants. Lasseter & McIlwaine, of Tyler, for appellee.

HODGES, J. The appellee sued the appellants in the justice court of precinct No. 1 of Smith county, claiming a balance of $175.92 alleged to be due on an open account. The items forming the account are made up principally of freight charges prepaid on machinery sold and delivered to the appellants by the appellee. The testimony shows that in March, 1911, the appellants purchased from the appellee a steam boiler and engine and some gin machinery. Among other provisions of the contract, it was stipulated that the appellants were to pay all the freight charges from the factory. The goods were shipped and received, the appellee prepaying the freight to point of destination. Upon demand being made for reimbursement, appellants refused payment, claiming that part of the machinery was secondhand. When this suit was filed in the justice court in Smith county, appellants presented their plea of privilege, claiming to be residents of Anderson county, Tex. The justice of the peace overruled that plea on the 1st day of July, 1912, and the case was continued till the August term of the justice court, at which time the appellants filed a plea in reconvention claiming damages against the appellee in the sum of $100 on account of the inferior quality of a portion of the machinery purchased. A trial in both the justice and county courts resulted in a judgment for appellee in the sum of $175 and against the appellants on their counterclaim.

[1] The first error assigned attacks the refusal of the court to sustain the plea of privilege. Whatever merit there may have been in that plea when originally presented in the justice court was waived by the cross-action thereafter filed by the appellants. Carver Bros. v. Merrett et al., 155 S. W. 633, recently decided by this court; Ramsey v. Cook, 151 S. W. 346; Thorndale v. Evens &

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Lee, 146 S. W. 1053; Kolp v. Shrader, 131 S. W. 860.

[2, 3] It is also urged that the judgment is unsupported by the evidence because the facts show that appellee was under no legal obligation to pay this freight; that it was a mere volunteer, and is not now entitled to claim reimbursement. The written contract offered in evidence shows that appellants agreed with the appellee to receive the goods "on arrival and pay freight charges on same." A portion of the freight had been paid on the machinery then on hand in Tyler before the contract was made, and was charged to appellants under the terms of the contract. The balance of the freight was prepaid to Tucker, the destination of the goods, under the erroneous impression that Tucker was a prepay station. This evidence does not bring this case within the rule of what is termed a "voluntary payment" for which no reimbursement can be claimed. Appellants contracted with the appellee to pay the freight charges. There was no agreement that these charges should be paid to the railway company, or to any particular party. Appellants never owed the debt to the railway company, for the payment was made in advance of the transportation service. We see no reason why the shipper who prepays freight should not be allowed reimbursement from the consignee when the latter has obligated himself to pay such expenses. Payment of the freight may be demanded by the carrier in advance, and, if so, there is no reason why the consignor may not pay it in advance without demand. In the absence of some agreement with the carrier to the contrary, the consignor is generally held responsible for the transportation charges. Railway Co. v. Box, etc., Co., 48 Ind. App. 647, 94 N. E. 906; Railway Co. v. Lumber Co., 75 N. J. Law, 878, 69 Atl. 168; 2 Hutchison on Carriers, § 799; 6 Cyc. p. 500.

The judgment is affirmed.