## HALL et al. v. CASTLEBERRY.  (No. 9575.)

(Court of Civil Appeals of Texas. Dallas. March 13, 1926.)

**1. Venue ⬤⇒32(2)—Defendant held not to waive plea of privilege by pleading over against plaintiff and thereafter withdrawing cross-bill by permission of court ˙(Rev. St. 1925, arts. 1992, 2006, 2015, 2017).**

Defendant *held* not to waive plea of privilege to be sued in county of his residence, by pleading over against plaintiff and thereafter withdrawing cross-bill by permission of court, in view of Rev. St. 1925, arts. 1992, 2006, 2015, 2017.

**2. Venue ⬤⇒78.**

Transfer of case on plea of privilege will not deprive any party of a legal right.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit by L. U. Castleberry against Vernor Hall and another. From an order overruling defendant Vernor Hall's plea of privilege, he appeals. Reversed and rendered.

J. H. Synnott, of Dallas, for appellant.

Wynne & Wynne, of Wills Point, for appellee.

LOONEY, J. This appeal is from an order overruling a plea of privilege. The suit was by L. U. Castleberry against the Dallas Wholesale Credit Men's Association, a corporation, having its principal place of business at Dallas, Dallas county, Tex., and Vernor Hall, a resident of Dallas county.

Plaintiff alleged that the Watkins Drug Company, a corporation doing business at Wills Point, Van Zandt county, made a deed of assignment for the benefit of its creditors to the Dallas Wholesale Credit Men's Association, of which Vernor Hall was manager, and that Vernor Hall, as manager, advertised and sold the assets of the Watkins Drug Company at public auction in Van Zandt county, at which sale the plaintiff became the purchaser; that the defendant Hall failed to deliver to the plaintiff all the property purchased by him at such sale; and, further, plaintiff alleged that he was a creditor of the Watkins Drug Company, and that Hall failed and refused to pay him the sum of $100 to which he was entitled as one of the beneficiaries in the trust deed. Altogether the suit was for the sum of about $900.

The Dallas Wholesale Credit Men's Association was by the judgment of the court dismissed from the suit on its plea of misjoinder.

Vernor Hall, in due order, pleaded his privilege to be sued in Dallas county, also the general issue, and, in a cross-action, sought to recover from plaintiff a sum of money on an alleged cause of action that arose out of, was incident to, and connected with, the cause of action alleged by the plaintiff.

Plaintiff contested the plea of privilege on the grounds that the suit was properly brought in Van Zandt county under exceptions Nos. 4, 5, and 23 to exclusive venue contained in article 1995 (1830) (1194) (1198), Rev. St. 1925. In addition to this contest, plaintiff in a motion brought to the attention of the court the cross-bill over against plaintiff pleaded by the defendant, in which he sought affirmative relief and insisted that the defendant had, by reason of urging his cross-bill, waived the plea of privilege. The defendant thereupon, by written motion filed, requested permission to withdraw the cross-bill, which was granted by the court.

The bill of exception that brings up the proceedings on the hearing of the contest of the plea of privilege fails to disclose that any evidence was offered by plaintiff sustaining the same. It is shown, however, conclusively, that the court overruled the plea of privilege because, under his view, the defendant waived the same by filing the cross-action and the motion to withdraw, thereby invoking the jurisdiction of the court.

[1] Thus the question presented for consideration is narrowed to this: Did the defendant waive his plea of privilege by pleading over against the defendant and thereafter withdrawing the same by permission of the court?

The decisions in this state are in irreconcilable conflict and confusion on the question. Courts of Civil Appeals in the following cases held, either directly or inferentially, that the defendant waived his plea of privilege, under the circumstances presented here, by pleading over against the plaintiff, to wit, Slator v. Trostel, 21 S. W. 285; Benchoff v. Stephenson, 72 S. W. 106; Gardner v. Planters' National Bank, 118 S. W. 1147, 54 Tex. Civ. App. 572; Kolp v. Shrader, 131 S. W. 860; Zavala Land & Water Co. v. Tolbert, 165 S. W. 31; Carver v. Merrett, 155 S. W. 633; McClintic v. Brown, 212 S. W. 540; Thorndale v. Evens, 146 S. W. 1053; Ramsey v. Cook, 151 S. W. 346; Barbian v. Gresham, 156 S. W. 365; Kelly v. National Bank, 233 S. W. 782.

It is evident from an examination of these cases that they are all based, ultimately, on the doctrine announced in Douglas v. Baker, 15 S. W. 801, 79 Tex. 499, 505. The Douglas-Baker Case arose prior to the radical changes that were made in the venue statute by the amendments of 1907 (Acts 30th Leg. c. 133) and 1917 (Acts 35th Leg. c. 176 [Vernon's Ann. Civ. St. 1918, art. 1903]). The defendant, Mrs. Douglas, who resided in Houston county, was sued in the district court of Denton county by Baker to substitute a lost power of attorney, under which certain lands claimed by him had been sold. The defendant, among other things, pleaded her privilege to be sued in the county of her residence, and in a cross-bill, in effect an action of trespass to try title, asserted ownership in the lands alleged to have been sold under the lost power of attorney, and asked that one Reynolds, who it seems purchased the land from plaintiff pending the suit, be made a party defendant, that he be cited, and, on hearing, that she have judgment for the land. The nature of the suit was entirely changed from an action in personam to one in the nature of an action in rem. To the action as originally brought she could have successfully pleaded her privilege to be sued in the county of her residence, but the proceedings in which she was an actor had a venue of its own expressly prescribed by statute. This is clearly shown in the opinion by Judge Collard, from which we make the following quotation:

"Had the defendant, Mrs. Douglas, rested upon her exceptions to the jurisdiction, that she was, as shown by the petition, sued out of the county of her residence, the court should have sustained the same. * * * But we think that the defendant having invoked the jurisdiction of the court upon original and independent matter set up by her, claiming the land, making Reynolds a party, and asking judgment against him for the land, waived the question of jurisdiction raised by her excep-

tions. The entire form of the motion [action] was changed by her from a suit to establish a lost power of attorney to an action of trespass to try title, and in order to a recovery she made the person claiming the land a party defendant. * * * Having brought into court a new party defendant to try title to the land with him as a purchaser from plaintiff pending the suit; becoming the actor, and claiming affirmative relief upon an issue with him that could only be tried in the county where the land was situated, she was in no attitude to disclaim the jurisdiction of the court or to insist upon her exceptions."

While we entertain the greatest respect for the opinions of the able judges composing the several Courts of Civil Appeals who have heretofore sponsored the doctrine that a defendant, by filing a cross-action demanding affirmative relief, constructively waives his plea of privilege to be sued in the county of his residence, we must express our dissent from such view, and are at a loss to see how that doctrine is found in the decision of Douglas v. Baker, supra. However that may be, if the Douglas-Baker Case could have ever been considered authority for that proposition, it is our opinion that it, and the line of cases based upon it as authority, must give way to the explicit, unambiguous pronouncement to the contrary by the Supreme Court in Hickman v. Swain, 167 S. W. 209, 106 Tex. 431.

The Hickman-Swain Case arose after the venue statute was amended in 1907. The defendant, in due order, interposed a plea of privilege, and, in addition, pleaded over against the plaintiff asking affirmative relief. The Court of Civil Appeals for the Second district certified the case to the Supreme Court, and propounded: (1) The question as to whether the right of appeal existed from the order sustaining a plea of privilege under the amended statute; and (2) the question was, "If so (that is, if the right of appeal existed), whether the answer of the defendants who joined in the plea of privilege is of such affirmative character as to constitute a waiver on their part of the plea of privilege to be sued in Knox county." Chief Justice Brown, for the Supreme Court, answered these questions as follows:

"We answer that the appeal was authorized in this case. If the plea of privilege was filed in the due order of pleading, the filing thereafter of a plea over against plaintiff did not affect the right of the defendants to insist upon the transfer of the case to the county in which they resided. The granting of the plea of privilege had the effect to transfer to Knox county the case entirely as to parties and subject-matter of the suit and plea of defendants over against plaintiff."

The case of Hickman v. Swain was recently cited with approval by the Supreme Court in Gohlman v. Whittle, 273 S. W. 806, 807, by the Commission of Appeals in Martin v. Kieschnick, 231 S. W. 330, 332, and has been followed by Courts of Civil Appeals in the following: Whisnant v. Kurtz, 228 S. W. 977, 979; Griffith v. Gohlman et al., 200 S. W. 233.

Thus we see that the rule clearly and explicitly announced by the Supreme Court is to the effect that a defendant does not waive his rights under a plea of privilege filed in due order by pleading over against and asking affirmative relief from the plaintiff.

Considering the matter as an original question, we cannot see how any other conclusion could be reached in view of statutory provisions. Article 2006 (1902) (1262) (1262), Rev. St. 1925, authorizes a defendant to plead as a part of his answer as many several matters, whether of law or fact, pertinent to the cause that he may think necessary for his defense, provided he files the same at the same time and in due order of pleading. Article 2015 (1325, 1326) and article 2017 (1329, 1330), Rev. St. 1925, permit a defendant to plead a counterclaim or set-off, or both, and article 1992 (1848) (1208) (1209), Rev. St. 1925, permits either the plaintiff or defendant, before a case is called for trial, to bring into the suit additional parties. The evident meaning of these provisions, concretely stated, is that a defendant may, in due order, plead any matter of law or fact, defensively or offensively, and, if necessary, may assume the role of an actor, and, by cross-action, bring in additional parties.

If it is held that a defendant constructively waives his plea of privilege to be sued in the county of his residence by afterwards pleading a counterclaim, set-off, or cross-action, it must follow that either he will be coerced into abandoning his plea of privilege, or else forego pleading matters essential to his complete protection. We cannot assent to that proposition, but rather, we think, where a plea of privilege is properly and timely interposed, a defendant should not be deprived of the valuable rights thereunder because he sees fit to avail himself of the statutory privilege of pleading any matter of law or fact, offensively or defensively, unless, as in Douglas v. Baker, supra, the nature of the litigation is entirely changed by the cross-bill, and a cause of action set up, the venue of which is expressly prescribed by statute to be in the county where the suit is pending.

Under the venue statute as amended in 1907, an appeal may be prosecuted from an interlocutory judgment overruling or sustaining a plea of privilege. If the judgment of the court sustaining a plea is appealed, the statute expressly provides that the transfer and trial of the cause on its merits shall be suspended pending the final determination of the appeal. But not so if the judgment overruling the plea is appealed; in such event, notwithstanding the appeal, the case may be tried on its merits. In this situation, a de-

fendant may in his answer avail himself of all defensive and offensive matters that he is authorized under the statute to plead, even to the bringing in of new parties.

[2] The case on appeal may be reversed and the venue changed. In such event, could it be correctly said that, by exercising his statutory rights to plead over and make new parties, he had constructively waived the plea of privilege and thereby rendered moot the question on appeal? Evidently no such insistance could be successfully made, and yet, such contention would be just as tenable as to insist that the privilege is waived by pleading these matters prior to the trial of the contest. As to the status of the lawsuit, it can make no difference whether these matters are pleaded before rather than after the trial of the contest; the defendant is privileged under the law to pursue either course. If a defendant answers either before or after a trial of the contest on his plea of privilege, and the venue should be changed by the trial court, or as the result of an appeal, in either event the entire case, as was said by Judge Brown in Hickman v. Swain, supra, as to parties, subject-matter, and pleas over, will be transferred to the court of proper jurisdiction. The transfer of the case, however, will not deprive any party of a legal right; the case will stand as though originally filed in the court to which it is transferred. Any person affected by any matter pleaded in a cross-action may, in answering same, avail himself of any plea or defense permitted by law. St. L., S. W. Ry. Co. v. McKnight, 89 S. W. 755, 99 Tex. 289, 295; Mugg & Dryden v. Texas & P. Ry. Co. (Tex. Civ. App.) 91 S. W. 876.

In harmony with these views, the judgment below will be reversed, and judgment is here rendered sustaining appellants' plea of privilege, and transferring this cause to the district court of Dallas county.

Reversed, and rendered for appellants.