## C. W. HICKMAN v. M. F. SWAIN ET AL.

### Decided June 3, 1914.

**1.—Plea of Privilege—Change of Venue—Appeal.**

Appeal may be prosecuted from an order sustaining defendants' plea of privilege to be sued in the county of their residence and transferring the suit to the proper court of that county. The proviso to article 1833, Rev. Stats., 1911 (which introduced such change of venue instead of dismissal,—the former practice), "that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege," was intended to preserve the right of appeal which a plaintiff formerly had, when the judgment, being for dismissal, was a final one from which appeal would lie. (Pp. 434, 435.)

**2.—Plea of Privilege—Waiver—Cross-Action.**

Defendants who had filed in due order their plea of privilege to be sued only in the county of their residence, did not waive same by afterwards filing an answer, with permission of the court that this be done subject to action to be had on their former plea, though such answer was in the nature of a cross-action seeking affirmative relief against plaintiff, against a co-defendant not served nor appearing or joining in such plea of privilege, and against others not before made parties. (P. 435.)

**3.—Plea of Privilege—Change of Venue—Judgment.**

On sustaining defendants' plea of privilege, the judgment changing the venue should transfer to the proper county the entire case and all parties, including a cross-action filed therein by defendants. (P. 435.)

Questions certified from the Court of Civil Appeals, Second District, in an appeal from Tarrant County.

*W. J. Berne*, for appellant.—An order sustaining a plea of privilege and changing the venue is appealable.   Wolf v. Sahm, 120 S. W., 1114; Wolf v. Sahm, 135 S. W., 733; Oakes v. Thompson, 125 S. W., 320; Luter v. Ihnken, 143 S. W., 675; Water Co. v. El Campo, 150 S. W., 257; Moorhouse v. Cattle Co., 139 S. W., 883.

Defendants by their cross-action waived their plea of privilege.   Douglas v. Baker, 79 Texas, 499; Slator v. Trostel, 31 S. W., 285; Gardner v. Bank, 118 S. W., 1149; Kolp v. Shrader, 131 S. W., 861; Merchants, etc., Co. v. Clow, 204 U. S., 288; Texas & P. Ry. Co. v. Eastin, 214 U. S., 153; Carver v. Merritt, 155 S. W., 633; Lupton v. Willman, 154 S. W., 261; Barbian v. Gresham, 156 S. W., 365; Howe, etc., Co. v. Taylor, 147 S. W., 656; Ramsey v. Cook, 151 S. W., 346.

The court erred in transferring the case as to defendants not joining in the plea.   Moorhouse v. Cattle Co., 139 S. W., 883; Brant v. Love, 118 S. W., 229; Luter v. Ihnken, 143 S. W., 675.

*D. J. Brookreson* and *B. K. Goree*, for appellees.—The mere filing of an answer, praying some sort of affirmative relief, or even the pleading of a cross action, is not sufficient to invoke the jurisdiction of the court, unless the cross action is answered by the plaintiff, or process is asked thereon, or by some act it is shown that it is intended to then invoke the jurisdiction of the court.   Hagood v. Dial, 43 Texas, 625; Maddox v. Humphries, 30 Texas, 494; Ricker v. Shoemaker, 81 Texas, 22; Wolf v. Sahn, 120 S. W., 1114; Lumpkin v. Story, 108 S. W., 485.

Even though two of the defendants, Butler and Tucker, may have submitted themselves to the jurisdiction of the court, no jurisdiction over the other defendants was thereby conferred, as neither of the consenting defendants resided in Tarrant County, and the obligation was not payable there.   The cause of action being upon a single obligation, executed by all of the defendants, and their rights and liabilities being the same, it was in the discretion of the court to transfer the entire case, even though two of the defendants had waived their right to be sued in the county of their residence—as when the obligation was not payable where the suit was brought, and none of the defendants resided there, so that jurisdiction might attach over all, by the reason of the residence of one or more of the parties, the court should not take jurisdiction.   Art. 1194, Rev. Stats. (Sayles), pars. 4 and 5; Behrens Drug Co. v. Hamilton, 92 Texas, 284; Acts of Leg., 1907, p. 248; Johnson v. Lanford, 52 Texas Civ. App., 397; Kramer v. Lilley, 118 S. W., 735; Lumpkin v. Story, 49 Texas Civ. App., 332; Stevens v. Polk County, 123 S. W., 618; Wolf v. Sahn, 120 S. W., 1114; Lumpkin v. Blewitt, 111 S. W., 1072; Waldrip v. Roquemore, 127 S. W., 248.

Mr. Chief Justice BROWN delivered the opinion of the court.

The Hon. Court of Civil Appeals of the Second Supreme Judicial District has certified to this court the following statement and questions:

"Appellant, C. W. Hickman, alleged to reside in Tippecanoe County, Indiana, instituted this suit in the District Court of Tarrant County,

Texas, against M. F. Swain and nine other persons, all of whom were alleged to reside in Knox County, Texas, upon a promissory note executed by the defendants named' on March 31, 1908, for the sum of fifteen hundred dollars and payable to the order of J. Crouch & Son at the Farmers State Bank of Knox City, Texas, on or before October 1, 1910. It was alleged that J. Crouch & Son had endorsed said note in blank to the plaintiff whereupon 'each defendant' became liable and promised to pay the amount specified in the note. It was further alleged that J. Crouch & Son was a firm composed of Jeptha Crouch and George Crouch, who both resided in the State of Indiana and who were consequently not made parties to the suit by the petition. All defendants named in the petition were either cited or answered as hereinafter stated save the defendant J. A. Wood, who does not appear to have been cited or to have joined in an answer of any kind. Of the defendants named in the plaintiff's petition, appellee M. F. Swain and seven others joined in a plea of privilege to be sued in Knox County. The plea was duly verified, filed and presented as hereinafter stated. In addition to this plea of privilege these defendants at the same time filed an answer in which C. C. Tucker and R. E. Butler, who were not parties to the plea of privilege, joined. The answer, in substance, alleged that the payees of the note, J. Crouch & Son, and J. A. Wood, one of the signers thereto, had for the purpose of deceiving and defrauding, conspired together in fraudulently representing the value and quality of a certain horse owned by J. Crouch & Son which defendants by the means stated had been induced to purchase and for which they gave the note sued upon and another of like amount, which they had theretofore paid, to J. Crouch & Son. The prayer was as against the plaintiff Hickman for a cancellation of the note sued upon, it being alleged that he was not a bona fide owner and holder of the note, or if so, a purchaser after its maturity, and for judgment 'against said J. Crouch & Son and said J. A. Wood, jointly and severally, or against such of them as are brought within the jurisdiction of the court' for the sum alleged to have been paid to J. Crouch & Son on the note previously paid. It should, perhaps, be further stated in this connection that the note as sued upon had, among other endorsements, the following: 'Received of J. A. Wood one hundred and fifty dol. $150.00, this being his pro rata of the within note, this April 1st 1908. J. Crouch & Son.'

"The trial court in due order heard the plea of privilege and having found, as the evidence justifies, that its material allegations were true and that the answer to the merits had been filed subject to the action of the court upon the plea of privilege, sustained the plea of privilege and as to all parties ordered the cause transferred to the District Court of Knox County, Texas, and from this order the plaintiff in the suit prosecutes an appeal, which is now pending before us.

"In this state of the record we deem it advisable to certify to your Honors the following questions, viz:

"First. Whether an appeal from such an order is allowable at all

under chapter 4 of title 30 of the Revised Statutes, as amended by the Act of the Thirtieth Legislature, approved April 18, 1907? (See General Laws, 1907, p. 248.)

"Second. If so, whether the answer of the defendants who joined in the plea of privilege is of such affirmative character as to constitute a waiver on their part of the plea of privilege to be sued in Knox County?

"And third. If not, did the court err in transferring the cause as to those defendants Tucker, Butler and Wood, who failed to join in the plea of privilege?"

The following articles of the Revised Statutes govern the action of the court on the questions submitted:

"If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff." Art. 1832, Rev. Stats., 1911.

"Whenever a plea of privilege to the venue, to be sued in some other county than the county in which the suit is pending, shall be sustained, the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause; and the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed; provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege." Art. 1833, Rev. Stats., 1911.

Prior to the enactment of the above statutory provisions, when the plea of privilege was sustained the case was dismissed, from which judgment an appeal would lie. The proceeding was the same then as now, except that the case will not be dismissed. The judgment would be interlocutory, from which no appeal would lie, unless the right is preserved by this language: "Provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege." If the plea of privilege in this case had been tried under the former law, the case would have been dismissed and plaintiff could have appealed, and the action sustaining the plea of privilege would have been revised. If the plea had been overruled the defendant upon appeal could have had it reversed. The evident purpose of the proviso to article 1833 was to preserve to the plaintiff the right of appeal which existed before that article was enacted. If the law be construed so as to require the plaintiff to await a trial in the county to which it was transferred, the right to have the court's action revised would be practically denied. The construction we give to the proviso preserves the rights of both parties and will prevent the delays and expense of a trial the judgment in which might be reversed on the issue of venue alone, requiring a second trial on the merits. The language of the proviso to article 1833 can not be applied otherwise than as saving to the plaintiff the right of appeal as it formerly existed in such matters, constituting

an exception to the general rule that an appeal can not be prosecuted from interlocutory orders or judgments.

We answer that the appeal was authorized in this case. If the plea of privilege was filed in the due order of pleading, the filing thereafter of a plea over against plaintiff did not affect the right of the defendants to insist upon the transfer of the case to the county in which they resided. The granting of the plea of privilege had the effect to transfer to Knox County the case entirely as to parties and subject matter of the suit and plea of defendants over against plaintiff.