## WHISNANT v. KURTZ.　(No. 7979.)

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1921. Rehearing Denied Feb. 10, 1921.)

1. **Venue** ⚖⟹7—**Defendant's privilege to be sued in the county of his residence.**

Where the contract for the sale of cattle was oral, and the check given in payment was not payable in A. county, and defendant·was a nonresident of A. county, there was no ground for laying the venue of an action on the contract in A. county.

2. **Venue** ⚖⟹32(2)—**Privilege to be sued in another county cannot successfully be urged after prayer for affirmative relief.**

A defendant after he has asked affirmative relief in a suit brought ·against him in a county other than that of his residence, etc.. cannot successfully plead his privilege.of being sued in the county of his residence, but the mere filing of a plea for affirmative relief after the plea of privilege is not a waiver.

3. **Venue** ⚖⟹32(2)—**Defendant's plea of privilege waived by prayer bringing in another defendant.**

Where defendant, having pleaded his privilege to be sued in the county of his residence, filed an answer praying that a railroad company be impleaded as a defendant, and citation was served on such company, defendant's plea to be sued in the county of his residence was waived.

Appeal from Austin County Court; W. J. Hill, Judge.

Action by E. B. Kurtz against H. L. Whisnant.· From a judgment denying his plea of privilege, defendant appeals. Affirmed.

Searcy & Botts, of Brenham, and Duncan & Duncan, of Bellville, for appellant.
C. G. Krueger, of Bellville; for appellee.

PLEASANTS, C. J. Appellee brought this suit against appellant to recover the sum of $738.58, alleged to be the balance due as purchase price of 142 head of cattle sold by him to appellant.

The suit was brought to the November term, 1919, of the county court of Austin county. On November 25, 1919, appellant filed a plea of privilege to be sued in Bosque county, where he resides. This plea negatives all of the exceptions in the statute permitting suit to be brought against a defendant in a county other than that of his residence, and avers that the allegations in plaintiff's petition of facts showing venue in Austin county were fraudulently made for the purpose of conferring jurisdiction in the county court of that county. On the 28th day of November, 1919, appellant filed an answer in which, after a general denial, he pleaded specially that the cattle were not shipped in accordance with instructions, specially denied the allegations of fraud contained in the petition, and further pleaded:

"This defendant, while protesting against and denying liability under said contract, says that, if any damage has been done the plaintiff, it was done by the Gulf, Colorado & Santa Fé Railroad Company, a corporation, who assumed charge of said cattle and contracted with plaintiff to deliver said cattle as directed by plaintiff. And this defendant says that, if plaintiff recover of and from this defendant as he has prayed for, this defendant recover of and from the Gulf, Colorado & Santa Fé Railroad Company, a corporation, who does business of a common carrier in and through Austin county, Tex., and has and maintains an office in Austin county, Tex., in the town of Bellville, Tex., and that T. B. Wheat is the agent of said company at such office in Austin county, Tex., and upon which service of citation may be had.

"Wherefore, this defendant prays for citation to the Gulf, Colorado & Santa Fé Railway Company by and through service of citation upon T. B. Wheat, of Austin county, Tex., and this defendant further prays that said company be made a party to this suit, and that upon a trial hereof, and in the event that the plaintiff recover of and from this defendant, this defendant prays judgment over and against the Gulf, Colorado & Santa Fé Railway Company for such sum as said plaintiff may recover of and from this defendant, H. L. Whisnant. and such other and further relief, whether the same be general or special, legal or equitable, which the facts herein alleged and proved may authorize."

On the 1st day of December, A. D. 1919, the court made the following order:

"E. B. Kurtz v. H. L. Whisnant. No. 881.
"December 1st, 1919.
"Case continued by the court for the purpose of making parties defendant, and continued without prejudice with reference to defendant's plea of privilege."

At the next term of the court the plaintiff filed a controverting plea to defendant's plea of privilege, averring that the contract sued on was made in Austin county and was to be wholly performed in that county, and that the check given by defendant to plaintiff in payment of the purchase money of the cattle was payable in Austin county; that at the time defendant purchased the cattle and gave the check to plaintiff he intended to stop the payment of the check if the cattle which were to be immediately shipped by plaintiff to defendant's order at Fort Worth failed to sell on the Fort Worth market for as much or more than defendant had agreed to pay plaintiff therefor, and, the cattle having sold for less than said amount, defendant did stop the payment of said check; and that these facts constituted fraud perpetrated by defendant in Austin county.

It is further averred in said plea that defendant by impleading the Gulf, Colorado & Santa Fé Railway Company, bringing it into court, and asking judgment over against it, had submitted himself to the jurisdiction of the court and waived his plea of personal privilege.

The defendant answered this controverting plea by general and special exceptions, and further specially denied that he had waived his plea of personal privilege, "because in his answer and in all of his pleadings he said and expressly set forth 'without waiving his plea of privilege herein filed, but still insisting upon the same,' as a preface to each and every integral part of his answer, and especially to that part wherein he had impleaded the Gulf, Colorado & Santa Fé Railroad Company and had sought recovery over and against them in the event that the plaintiff should recover over and against him, the said defendant H. L. Whisnant." The defendant further asserted that he had not intended to waive his plea of personal privilege because the Gulf, Colorado & Santa Fé Railroad Company was a common carrier, and that the county court of the county of his residence, Bosque county, Tex., had equal or concurrent jurisdiction of the said railroad company, and that the same operated a line of road in Austin county, Tex., and Bosque county also, and that he intended to have affirmative relief of the nature sought at the hands of the county court of Bosque county, and not Austin county.

On the hearing of the plea of privilege, with a jury to try the issues of fact presented by the plea and plaintiff's answer thereto, the court, after all the evidence offered upon said issues had been heard, instructed the jury to find a verdict for the plaintiff on the ground that the defendant, by having had the railway company made a party defend-

ant, and asking judgment against it, had invoked the jurisdiction of the court and thereby waived his privilege of being sued in the county of his residence. A verdict was returned in accordance with these instructions, and judgment was rendered thereon overruling defendant's plea of privilege.

[1] Plaintiff's own testimony acquits the defendant of any fraud in the transaction out of which the cause of action arose. The contract for the sale of the cattle was verbal, and the check given by the defendant was not payable in Austin county. Such being the facts, no ground for venue in Austin county was shown, unless the defendant, by having the railway company made a party and asking judgment against it, invoked the jurisdiction of the court to hear and determine the entire cause, and thereby waived his right to have the suit transferred to Bosque county.

[2] It is a well-settled general rule of decision in this state that a defendant, after he has asked affirmative relief in a suit brought against him in a county other than that of his residence, cannot successfully plead his privilege of being sued in the county of his residence, on the ground that, having himself invoked the jurisdiction of the court, he has waived his privilege. It has been held, however, that the mere filing of a plea for affirmative relief after the plea of privilege has been filed is not a waiver of the latter plea. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209.

[3] The defendant's answer in this case was filed after his plea of privilege, and recites that it was filed subject to said plea, and if no further action had been taken by defendant, under the case above cited it might be held that he had not waived his plea, but he did not stop there. He not only invoked, but procured, the exercise of the court's jurisdiction, by having the railway company cited to answer the cause of action alleged by him against it and bringing it into court. The cause of action asserted against the railway company was properly joined with the cause of action asserted by plaintiff against the defendant, and, having thus procured the active exercise of the court's jurisdiction to hear and determine his cause of action against the railway, he is in no position to object to the plaintiff asserting his rights in a suit which he has himself brought in Austin county. We do not think he relieved himself of this predicament by showing, as he did, that the railway company also operated its road in Bosque county, and was willing for the suit to be transferred to that county.

If this conclusion is sound, it follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.