### KELLY et al. v. NATIONAL BANK OF DENISON et al. (No. 1838.)

(Court of Civil Appeals of Texas. Amarillo. June 8, 1921. Rehearing Denied Oct. 5, 1921.)

**1. Venue ⟐⟐32(2)—Filing of cross-action held waiver of plea of privilege.**

Defendant, by filing a cross-action setting up a cause of action on which plaintiffs were entitled to be sued in the county in which the action had been brought, waived plea of privilege to have case transferred to other county.

**2. Dismissal and nonsuit ⟐⟐19(3)—Plaintiffs may take nonsuit at any time before filing of answer asking for affirmative relief.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, the court cannot deny to plaintiffs the right to take a nonsuit at any time before defendants have filed an answer asking for affirmative relief.

**3. Appeal and error ⟐⟐1176(6)—On appeal from order sustaining plea of privilege appellate court will direct dismissal of case where plaintiffs took nonsuit.**

Where plaintiffs took a nonsuit prior to filing of answer asking for affirmative relief, it was the duty of the Court of Civil Appeals under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, on appeal from order sustaining plea of privilege under article 1903, to direct a judgment of dismissal, though trial court's judgment did not definitely decree dismissal.

Appeal from District Court, Hall County; Davis Fitzgerald, Special Judge.

Action by M. L. Kelly, Jr., and others against the National Bank of Denison and others. From order sustaining pleas of privilege and transferring the case to other county, defendants appeal. Reversed, with instructions.

Thomas, Milam & Touchstone and J. W. Gormley, all of Dallas, for appellants.

Spence, Haven & Smithdeal, of Dallas, for appellees.

HALL, J. Appellee Harston, as sheriff of Dallas county, served notice upon appellants, a firm, composed of M. L. Kelly, Jr., and Edwin Kelly, that he had levied upon the interest of M. L. Kelly, Sr., in the firm of Kelly & Co., under a judgment rendered in the district court of Dallas coun-

ty, in favor of the National Bank of Denison, against M. L. Kelly, Sr., and Irene Kelly, and that he would proceed to sell said interest according to law. Appellants are the sons of M. L. and Irene Kelly, the defendants in said judgment. Appellants were not parties to the Dallas county suit, and are both residents of Hall county. They applied for and had issued out of the district court of Hall county a writ of injunction restraining the sale, making the said Harston and the bank parties defendant. When the case came on to be heard in the district court of Hall county on January 4, 1921, no answers had been filed by either Harston or the bank. Whereupon appellants in open court announced that they would take a nonsuit. Subsequent proceedings are better explained by the recitals of the judgment and the following additional findings filed by the trial judge:

"(1) Plaintiffs requested a nonsuit before defendants filed their pleas of privilege; (2) plaintiffs requested a nonsuit before defendants filed any answers in this cause; (3) defendants requested the court to withhold his order until defendants should file a cross-action; (4) the plaintiffs' request for nonsuit was granted immediately upon request, but the court did not enter the order until all issues raised by counsel had been presented to the court."

The judgment recites in part as follows:

"January 4, 1921. On this day the above-styled cause came regularly on in open court for trial. The plaintiff herein having moved for a nonsuit. said suit was ordered nonsuited as to the original suit, and the plea of privilege of the defendant Dan Harston, sheriff of Dallas county. Tex., and the plea of privilege of the defendant the National Bank of Denison, a corporation under the laws of the United States of America, with its principal place of business at Denison, Grayson county, Tex., was presented to the court, and after the reading of said plea and the controverting affidavits thereto, and the introduction of testimony and arguments of counsel, the court is of the opinion that each of said pleas of privilege is well taken, and that each of said pleas of privilege is in conformity to article 1903, Revised Civil Statutes,. and that each of said pleas of privilege should be sustained, and that the venue of this cause should be transferred to the district court of Dallas county, Tex."

This is followed by a decree in proper form sustaining the pleas of privilege and transferring the case to Dallas county.

From the order making the transfer the appellants bring the case to this court, assigning as error such action of the trial court upon the ground that the defendants had filed a cross-action, thereby waiving their pleas of privilege and submitting themselves to the jurisdiction of the district court of Hall county. The appellee bank, subject to its plea of privilege and the special excep-

---

tions attacking the jurisdiction of the district court of Hall county, alleged as follows:

"Now comes the National Bank of Denison by cross-action, and says that the injunction issued herein was wrongfully issued in that no property was levied on only the interest of M. L. Kelly in said partnership, and since said injunction was issued the assets of said partnership have been sold and dissipated, and the interest of M. L. Kelly, of the value of $50,000, has been placed beyond the reach of an execution. The National Bank of Denison has lost the opportunity of perfecting the collection of said judgment all by the wrongful acts of plaintiffs. It further alleges that said injunction was maliciously issued without cause, and the plaintiffs and sureties on their injunction bond are indebted to the National Bank of Denison in the amount of said judgment, interest, costs, and 10 per cent. damage, the plaintiffs being M. L. Kelly, Jr., E. T. Kelly, and their sureties being F. E. Chamberlain and S. S Montgomery, a copy of said bond, petition for injunction, order of court thereon, and writ being attached hereto and made a part hereof."

The prayer is for judgment against the principal and sureties upon the bond. There is no prayer for citation.

[1] Appellees insist that upon the holding of the Supreme Court in Hickman v. Swain et al., 106 Tex. 431, 167 S. W. 209, the filing of a cross-action by the bank was not a waiver of their pleas of privilege. It is true in that case Judge Brown said:

"If the plea of privilege was filed in due order of pleading, the filing thereafter of a plea over against plaintiff did not affect the right of the defendants to insist upon the transfer of the case to the county in which they resided."

No authorities are cited. The Court of Civil Appeals of the Ninth District, in Griffith v. Gohlman-Lester & Co., 200 S. W. 233, has followed the holding in the Hickman-Swain Case. The Court of Civil Appeals of the Second District in McClintic v. Brown, 212 S. W. 540, held to the contrary. The decision in the last case is based upon previous decisions by the Supreme Court and cite Courts of Civil Appeals cases in which writs of error were refused by the Supreme Court which also follow the holding by the Supreme Court of Texas in Douglas v. Baker, 79 Tex. 499, 15 S. W. 801, and the Supreme Court of the United States in Merchants' Heat & Light Co. v. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488. There seems to be an irreconcilable conflict between the Douglas v. Baker Case and the Hickman v. Swain Case. In the Douglas v. Baker Case the defendant was sued out of the county of her residence in an effort by plaintiff to have a lost power of attorney alleged to have been given by her and her husband established. She pleaded in reconvention, setting up her ownership of the land, making a third party a defendant by her cross-action, praying for possession of the land and judgment against the third party for the land and rents. Upon this issue Collard, Justice, said:

"But we think that the defendant, having invoked the jurisdiction of the court upon original and independent matter set up by her claiming the land, making Renolds a party, and asking judgment against him for the land, waived the question of jurisdiction raised by her exceptions. The entire form of the action was changed by her from a suit to establish a lost power of attorney to an action of trespass to try title, and in order to a recovery she made the person claiming the land a party defendant. * * * Having brought into court a new party defendant, to try title to the land with him as a purchaser from plaintiff pending the suit, becoming the actor, and claiming affirmative relief upon an issue with him that could only be tried in the county where the land was situated, she was in no attitude to disclaim the jurisdiction of the court, or to insist upon her exceptions. She voluntarily submitted to the jurisdiction of the court, or, rather, invoked its jurisdiction as to a new party, and ought not to be allowed to repudiate it."

So it may be said in the instant case that, while the bank might have instituted an independent suit against the plaintiffs and the sureties, upon their injunction bond, to recover its damages, it elected to reconvene and sue for such damages in this action. It could only sue the plaintiffs and their sureties in Hall county, and, by asking affirmative relief against them and invoking the jurisdiction of that court as to the sureties, it fully submitted itself to the jurisdiction of the Hall county district court. Several Courts of Civil Appeals have followed the Supreme Court in Douglas v. Baker, and in the following cases so holding writs of error have been refused: Gardner v. Planters' National Bank, 54 Tex. Civ. App. 572, 118 S. W. 1146; Kolp v. Shrader, 131 S. W. 860; Zavala Land & Water Co. v. Tolbert, 165 S. W. 31; Carver Bros. v. Merrett, 155 S. W. 633. A number of other decisions by the various Courts of Civil Appeals to the same effect might be cited from which no writs of error were prosecuted. This, of course, presents an irreconcilable conflict which is not within our province to settle. Believing that the holding of the Supreme Court in the Douglas-Baker Case is in line, not only with the uniform rule announced in the decisions of the United States Supreme Court, but that it is also supported by the great weight of authority in other jurisdictions, we sustain appellants' assignments. This will require a reversal of the judgment.

[2] Appellees complain, but not by way of cross-assignment, of the court's action in permitting appellants to take a nonsuit, and incidentally insist that the judgment upon that phase of the case is not final. The right of appellants to take a nonsuit at any time before the appellees have filed an answer

asking for affirmative relief is statutory, and cannot be denied. Article 1955, V. S. C. S., provides:

"At any time before the jury have retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced."

This statute has been construed in a number of cases. In W. B. Walker & Sons v. Hernandez, 42 Tex. Civ. App. 543, 92 S. W. 1067, quoting from the case of Hoodless v. Winter, 80 Tex. 641, 16 S. W. 427, the Court of Civil Appeals said:

"The right of the plaintiff to take a nonsuit upon his own cause of action was considered of sufficient importance by the Legislature to be given express recognition. Owing to unexpected contingencies that may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance and not the shadow alone of the right shall be preserved. * * * It is only when the defendant by a counterclaim seeks some 'affirmative relief' that the right of the plaintiff to discontinue the entire cause is forbidden."

Following this quotation, Edison, Justice, proceeds:

"At the time the plaintiff asked the court to permit him to take the nonsuit there was no claim for affirmative relief by the defendants in the case; and therefore no right existed to be heard upon same or could be prejudiced by the taking of the nonsuit. Under these circumstances the statute gave the plaintiff the right to discontinue the entire cause. But does the fact that after the prayer for the nonsuit, but before it was granted, the defendants asked permission to amend their pleadings so as to set up a claim for affirmative relief, so change the situation as to deprive the plaintiff of his statutory right to take a nonsuit, so as to discontinue the entire case? In our opinion it does not. The case must be considered as consisting alone of the pleadings in existence at the time the plaintiff asks to take the nonsuit, and his right to the same is determined by the fact that at the time he asks to take the nonsuit there is no pleading of the defendant asking affirmative relief."

The Supreme Court, in Kidd et ux. v. McCracken et al., 105 Tex. 383, 150 S. W. 885, which was a nonjury case, said:

"From the foregoing statement it is clear to our minds that at the time plaintiffs asked to take a nonsuit the court had not announced his decision. If this is true, then it was plaintiffs' right, secured by the statute above quoted, to have their case nonsuited. It seems to us to be immaterial to the exercise of the right to take a nonsuit that the plaintiff is made aware of the court's view of the case from the expression of the court's opinion, or from any other source. Such knowledge may serve as the vital reason why the party desires to get his case out of court. His information of how the court will decide cannot affect the plaintiff's right to a nonsuit, where the decision has not been announced. The statute is plain upon the subject, and, we think, does not mean that the plaintiff is denied the right to a nonsuit where he gathers from the opinion of the court in discussing the case what his decision will be. That is not the language nor is it the meaning of the law. * * * We are clearly of the opinion that the trial court should have permitted plaintiffs to have taken their nonsuit in compliance with their request, and that in the denial of that right a substantial injury has resulted to them."

To the same effect are the following cases: Pye v. Wyatt, 151 S. W. 1086; Adams v. Railway Company, 137 S. W. 441; Free v. Burgess & Son, 104 Tex. 31, 133 S. W. 421; Blunt v. Houston Oil Co., 146 S. W. 248; Weil v. Abeel, 206 S. W. 735. In the last-named case Judge Rice said:

"It is true that the court remarked at the time when he extended the time for counsel to present authorities that he would hear them, but would not permit him to take a nonsuit. This is shown to have been based on the idea that his right to permit or refuse the nonsuit was discretionary, rather than one based upon what the law might be in relation thereto. The right to take a nonsuit is liberally construed by the courts, and in cases above referred to it has been held that counsel had the right to discuss the matter with the court, and, if the court suggests or indicates that he is going to decide against plaintiff, plaintiff has the right to dismiss. The fact that the court makes such intimation is often the reason why a nonsuit is taken. As said by counsel for appellant, it is a statutory right given to plaintiff to dismiss his case at any time before a decision is announced."

[3] Appellee further insists that in the above-quoted excerpt from the judgment the court did not definitely decree a dismissal of the suit. We cannot assent to this contention, but, if it be admitted that the judgment does not "contain the declaration of the court pronouncing the legal consequences of the facts found," it would be the duty of this court, under the statute, to enter a judgment to that effect. Under article 1903, V. S. C. S. (supplement to volume 1), either party has the right to appeal from a trial court's judgment sustaining or overruling a plea of privilege and appellant has appealed from that part of the court's decree. The action of the court upon the request of appellants to be permitted to take a nonsuit, it would seem, is in a measure immaterial, since the provisions of article 1955, V. S. C. S. are mandatory. Clevenger v. Cariker, 50 Tex. Civ. App. 562, 110 S. W. 795, 111 S. W. 177.

The judgment is reversed, with instruction to the trial court to enter an order dismissing plaintiff's suit and overruling the pleas of privilege.

Reversed, with instructions.