### SEALE et al. v. ANDERSON et al.
### (No. 1840.)

(Court of Civil Appeals of Texas. Amarillo. June 15, 1921.)

**Appeal and error  70(6)—Order denying motion for action on pleas of privilege interlocutory and not appealable.**

Where the trial court neither sustained nor overruled defendants' pleas of privilege, but only overruled their motion for order transferring the cause and asking the court to sustain their pleas of privilege 'and to transfer the cause, such order was merely interlocutory, from which there is no right of appeal, under Vernon's Sayles' Ann. Civ. St. Supp. 1918, art. 1903; Rev. St. 1911, art. 2078.

Appeal from District Court, Hale County; H. C. Randolph, Special Judge.

Action by Alex M. Anderson and another against John D. Seale and another. From an order overruling motion for an order to sustain pleas of privilege and continuing cause until next term of court, defendants appeal. Appeal dismissed.

Sayles & Sayles, of Eastland, for appellants.

Williams & Martin, of Plainview, for appellees.

HUFF, C. J. Alex M. Anderson and wife, as plaintiffs, sued John D. and Henry Seale, in the district court of Hale county, for cancellation of a deed conveying a section of land in Hale county, which deed plaintiffs allege they were induced to execute on or about November 18, 1919, upon the fraudulent representations of the defendants. The defendants were alleged to reside in Eastland county, Tex. The defendants on January 6, 1921, filed separately their respective pleas of privilege to be sued in the county of their residence, alleging that the allegations that the false representations were made in Hale county and fraud committed in that county were and are made for the fraudulent purpose of conferring jurisdiction of the cause in the district court of Hale county; that no fraudulent or false representations were made by the defendants or either of them in Hale county, Tex., or elsewhere; the pleas being otherwise statutory. On the 29th day of January, 1921, the plaintiffs filed their controverting affidavits, stating specifically the false representations as having been made in Hale county, Tex., upon which they relied to confer jurisdiction. The defendants, on the 17th of January, filed a motion for an order transferring the cause and asking the court to sustain their plea of privilege and transfer the case to Eastland county. The view which we entertain will not require a consideration of the grounds set up in the motion. On the 21st day of February, the court entered an order reciting that the motion was presented for an order to sustain the plea, and that the parties having announced ready upon the motion, the motion was heard and argued and overruled, and that the pleas of privilege were to be heard on the facts at the time of the hearing of the cause on its merits, and that the cause be continued until the next term of the court. To this order the defendants excepted and gave notice of appeal to this court.

It will be observed the trial court neither sustained nor overruled the pleas of privilege, but only overruled a motion. The order on the motion is therefore only interlocutory, from which there is no right of appeal. Vernon's Sayles' Civil Statutes, 1st Suppl., art. 1903; R. C. S. art. 2078; Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. The order overruling the motion which was in effect a motion calling upon the court to act upon the pleas of privilege is not such order under the statutes from which an appeal may be prosecuted.

We therefore have no jurisdiction, and the appeal will be dismissed for want of jurisdiction.

---

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes