## EMPLOYERS' CASUALTY CO. v. WM. CAMERON & CO., Inc. (No. 7040.)

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1926.)

1. **Venue** &#9756;7—**Bond to perform building contract in certain county and satisfy laborers' and materialmen's claims held not to give venue in that county.**

Bond for faithful performance of contract to construct school building in B. county, and for satisfaction of laborers' and materialmen's claims, *held* not to give venue in that county, in absence of promise to perform or pay therein.

2. **Venue** &#9756;32(2)—**Plea of privilege held not waived by filing cross-action subject to court's action on such plea.**

Filing of cross-action, subject to court's action on plea of privilege, *held* not a waiver of such plea.

Appeal from District Court, Bell County; Lewis Jones, Judge.

---

Action by Wm. Cameron & Co., Incorporated, against the Employers' Casualty Company, which filed a cross-action. From a judgment for plaintiff and against defendant on its cross-action, defendant appeals. Reversed and remanded, with instructions.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellant.

J. B. Daniel, of Temple, for appellee.

McCLENDON, C. J. L. N. Lambert, a builder, entered into contract with an independent school district to construct for $16,000 a school building in Bell county. Appellant executed an $8,000 bond for the faithful performance of the contract, which was payable to the district, but expressly provided that it was for the benefit of and could be sued upon by, laborers and those furnishing material on the contract. Appellee furnished certain material and advanced money to discharge Lambert's pay roll on the contract, and warrants issued to Lambert amounting to $9,765.15 were applied by appellee on the account. Lambert finally abandoned the work, leaving a balance of $1,048.40 due appellee. Appellant compromised its liability to the district and paid off laborers' and materialmen's claims at a total outlay of $6,033.10. Appellee brought this suit against appellant to recover on the bond the balance of its account against Lambert. Appellant filed a plea of privilege in statutory form to be sued in Dallas county. Appellee controverted this plea, setting up the bond as a contract in writing to be performed in Bell county. The plea was continued "without prejudice" to the next term of court, at which term appellant filed an amended answer containing a cross-action against appellee, alleging that the warrants were a trust fund to which it had the right to resort as indemnity for its outlay on the bond, and that there was a diversion of the fund in so far as appellee's account embraced items for money advanced to pay laborers, and it asked for judgment against appellee for the amount thus diverted to the extent of its loss on the bond. This answer contained the reservation at the outset that it was "filed subject to the action of the court on the plea of privilege and the plea of jurisdiction, and in abatement of this suit heretofore filed and excepting to the action of the court in the event same should be overruled." In this state of the record the trial court heard and overruled, the plea, to which ruling due exception was taken. Thereafter, trial to jury, and judgment upon directed verdict for appellee for $773.40 and against appellant on its cross-action.

[1] Error is assigned on the court's action in overruling the plea of privilege, which assignment we have concluded must be sustained.

The bond was for the faithful performance of the contract and to satisfy labor and materialmen's claims. It did not promise performance or payment in Bell county, and could not give venue in that county. This was expressly held in Scarbrough v. Culp (Tex. Civ. App.) 276 S. W. 743, and authorities there cited.

[2] Appellee contends that the filing of the cross-action was a waiver of the plea. Upon this question there has been a divergence of view by the Courts of Civil Appeals, due to the apparent conflict between Judge Collard's opinion in Douglas v. Baker, 79 Tex. 499, 15 S. W. 801, and Chief Justice Brown's opinion in Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. In Whisnant v. Kurtz (Tex. Civ. App.) 228 S. W. 977, Chief Justice Pleasants of the Galveston court distinguishes between the mere filing of a plea for affirmative relief, and the taking of affirmative action thereon, such as having other parties cited:

"It has been held, however, that the mere filing of a plea for affirmative relief after the plea of privilege has been filed is not a waiver of the latter plea. Hickman v. Swain, 106 Tex. 431 [167 S. W. 209]."

The noted conflict was recognized in Kelly v. Bank (Tex. Civ. App.) 233 S. W. 782, by the Amarillo court. In that case a writ of error was granted on the ground of "apparent conflict," but the writ was later dismissed for want of jurisdiction on the holding in McGouirk v. Williams (Tex. Com. App.) 249 S. W. 185.

Whatever question this apparent conflict of decision may have presented is, we think, finally set at rest, by the recent opinion by Associate Greenwood, in Gohlman v. Whittle, 114 Tex. 548, 273 S. W. 807, from which we quote:

"The cross-action having been urged only in the event the district court of Hardeman county overruled plaintiffs in error's exception and pleas to its jurisdiction, there was no waiver to preclude complaint of the ruling refusing to sustain the exception and pleas. Hickman v. Swain, 106 Tex. 431 [167 S. W. 209]."

We hold the trial court in error in overruling the plea of privilege.

Upon the merits of the case, the record appears to present only questions of law arising from undisputed facts. Under the circumstances, it would seem a useless waste of time and costs to send the case to Dallas county for another trial. Appellant's rights under its plea of privilege could be fully protected by adjudging the costs to date against appellee. Whether our practice will admit of determining the merits under these circumstances is a question we have not examined. We merely suggest the question for such consideration as counsel may desire to give it.

The trial court's judgment is reversed, and the cause remanded to that court, with instructions to sustain appellant's plea of privilege and transfer the cause to Dallas county.

Reversed and remanded, with instructions.