## GROGAN–COCHRAN LUMBER CO. v. McWHORTER. (No. 1668.)

Court of Civil Appeals of Texas. Beaumont. March 16, 1928.

Rehearing Denied March 28, 1928.

1. Pleading ⏝111—Affidavit controverting plea of privilege must contain allegations relied on to sustain venue in trial court.

Affidavit, filed to controvert defendant's plea of privilege, is itself plea, and must contain allegations of fact relied upon to sustain venue in trial of court, and, if not affirmatively alleged, affidavit must adopt terms of petition either by reference or as exhibit.

2. Pleading ⏝111—Controverting affidavit filed to plea of privilege not showing nature of cause of action held insufficient (Rev. St. 1925, art. 1995, subd. 23).

Affidavit controverting plea of privilege in action for cutting timber, not covered by deed, in which nothing was alleged to show nature of cause of action nor to bring it within Rev. St. 1925, art. 1995, subd. 23, held insufficient.

---

**3. Venue** 5(5)—Suit to recover damage for cutting timber not covered by deed held "suit for damage to land," within venue statute (Rev. St. 1925, art. 1995, subd. 14).

Suit to recover damages for cutting and removing growing pine timber on land located in Montgomery county, not covered by deed, where defendant corporation had its principal office and place of business, *held* within Rev. St. 1925, art. 1995, subd. 14, providing suits for recovery of land or damages thereto must be brought in county in which land or part thereof may lie.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

**4. Pleading** 110—Defendant prosecuting plea of privilege to judgment and perfecting appeal held not to waive plea of privilege by filing answer and impleading warrantor (Rev. St. 1925, art. 2008).

Where defendant's plea of privilege in suit to recover for cutting timber not covered by deed was prosecuted to judgment and necessary steps taken to perfect appeal, filing of answer and impleading of warrantor without saving by special plea its rights under plea of privilege or making answer subject thereto *held* not, in view of Rev. St. 1925, art. 2008, to constitute waiver of plea of privilege.

**5. Pleading** 111—Plea of privilege complying with statute held sufficient, though not embodying statute under which venue was claimed (Rev. St. 1925, art. 2007, and art. 1995, subd. 14).

Plea of privilege in action for damages for cutting timber not covered by deed, which was literal compliance with Rev. St. 1925, art. 2007, prescribing requisites of such plea, *held* sufficient, though it did not embody article 1995, subd. 14, under which right to change of venue was claimed.

**6. Pleading** 111—Issues against plea of privilege can be raised only by controverting affidavit beyond which court cannot look to sustain venue (Rev. St. 1925, art. 2007).

Issues against plea of privilege which by Rev. St. 1925, art. 2007, constitutes prima facie case in favor of defendant must and can only be raised by controverting affidavit, and trial court cannot look beyond that plea to sustain venue.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by T. A. McWhorter against the Grogan-Cochran Lumber Company. From a judgment overruling defendant's plea of privilege, defendant appeals. Reversed and remanded, with instructions.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

A. D. Dyess, of Houston, for appellee.

·WALKER, J. Appellee in this case thus pleaded his cause of action: He alleged that in the year 1919 he sold to Fred Neidigk "all the pine mill timber now standing and growing" upon certain land owned by him in Montgomery county, Tex., pleading the conditions of the deed, which, in hæc verba, was made a part of his petition; that Neidigk assigned his interest in this deed to appellant; that he and appellant entered into an extension agreement extending the time in which the timber was to be removed upon the conditions of the original deed and upon a new consideration; that appellant entered upon the land under the contract, and not only cut and removed all timber conveyed by its terms, but cut and removed timber from the land not covered by its terms, expressly pleading that such timber was not within the contract, describing fully the timber so cut, and dividing it into three classes of value of $2,500, $245.90, and $6,250, respectively, and prayed judgment for these sums with a special prayer:

"That upon a hearing thereof of said contracts and the rights of parties hereto growing out of said contracts and agreement be construed and determined by this court and such other and further relief, general and special, to which this plaintiff may show himself entitled and as in duty bound and ever pray."

Appellant answered in due order of pleading by the statutory plea of privilege, as follows:

"I. The defendant was not at the time of the institution of this suit, nor at the time of the service of process herein, nor at the time of the filing of this plea of privilege, a resident of Harris county, Tex.

"II. That this defendant was at the time of the institution of this suit, and at the time of the service of process on it, and at the time of filing this plea, a resident of Montgomery county, Tex.

"III. That at the time of the filing of this suit, and at the time of service of process on it, and at the time of filing this plea, no exception to exclusive venue in the county of one's residence provided in law exists in said cause."

This plea was answered by the following controverting affidavit:

"I. That the defendant is a corporation and that the cause of action herein sued upon arose in part in Harris county, Tex., for this: That the written contract of date the 26th day of January, 1925, between the plaintiff and the defendant, Grogan-Cochran Lumber Company, as pleaded in full in plaintiff's petition filed in this cause, was made and entered into between the plaintiff and the defendant in Houston, Harris county, Tex.; that the cause of action is the contract herein sued upon and the breach thereof, and said contract having been made and entered into by and between plaintiff and defendant in Houston, Harris county, Tex., venue of this suit properly lies in Houston, Harris county, Tex.

"Because of the facts aforesaid, plaintiff respectfully submits that the venue of this suit lies in Harris county, Tex., under the provision of subdivision 23 of article 1995 of the Revised Civil Statutes of 1925."

Appellee testified in his own behalf that he sold the timber on his land to Fred Neidigk under the deed pleaded; that Neidigk sold to appellant, and that appellee and appellant entered into the extension agreement as pleaded; that appellant entered upon the land and cut and removed the timber for which appellee was suing. He testified further that it was his contention that the timber for which he was suing was not conveyed by the terms of the deed. He testified:

"They went on there without right and cut this timber not according to contract; they cut timber that had grown up; they cut timber they had no title to. That is what I am suing for. It is my contention they went in as trespassers and cut timber they had no title to. They went on my land and premises with the lawful right under that contract. Under this contract they were given a certain time to enter upon my land and cut and remove the timber therefrom. They cut and removed the timber concerning which I make this complaint, at the time they entered on my land and premises under this contract, they cut timber for which I sue in this suit at the time they entered the premises under my contract. I pointed out certain parts of my land that I wanted them to cut timber from. At the time they cut and left that land there was other timber left at the time that was not of sawmill dimensions at the time it was first cut over. They thereafter cut and removed certain portions of that timber."

Appellant's attorney testified that the construction of the contract was the only point in issue in the case. On the record as thus made appellant's plea of privilege was overruled, and the case is before us on appeal from that judgment.

[1, 2] Appellant insists that the controverting affidavit was insufficient, in that it did not affirmatively allege facts conferring venue on the trial court, the point being that the affidavit does not set out the facts of appellant's cause of action. The law seems to be that the controverting affidavit is itself a plea and must contain allegations of fact relied upon to sustain the venue in the trial court, and if not affirmatively alleged, the affidavit must adopt the terms of the petition, either by reference or as an exhibit. Clearly, in this respect the affidavit was insufficient. There was nothing alleged to show the nature of the cause of action nor that would bring the case within article 1995, § 23. On authority of Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1037, the controverting affidavit was insufficient.

[3] But pretermitting that point, the court erred in overruling the plea of privilege. It clearly appears, both from appellee's petition and his evidence, that this was a suit to recover damages for cutting and removing growing pine timber on land located in Montgomery county, where appellant had its principal office and its place of business, and that appellant had no office or agent in Harris county. It was, therefore, a suit to recover damages to land, within exception 14 of article 1995, providing that:

"Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie." Railway Co. v. Foster (Tex. Civ. App.) 44 S. W. 198.

While this is not a jurisdictional statute (Houston Oil Co. v. Bayne [Tex Civ. App.] 141 S. W. 544), it is of such a mandatory nature as to control when in conflict with other sections providing simply that suit "may be brought," as does section 23, specially pleaded by appellee. In Mitchell v. Hancock (Tex. Civ. App.) 196 S. W. 694, it was said that the difference in wording in the various exceptions to the general rule indicates that the Legislature had in mind the different significations of the terms "may," "must," and "shall," and presumably used those terms in relation to the subject of venue advisedly. So, though appellee be right (a point we do not decide) in his contention that this is a suit to construe a timber deed which he made to Neidigk and the extension thereof to appellant, and therefore within the provisions of section 23, article 1995, his ground of venue must, because of the mandatory language of section 14, yield to the provisions of that section conferring venue upon Montgomery county. Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 561, and authorities therein cited; Reeder & Lynch v. E. B. Hayes Mach. Co. (Tex. Civ. App.) 257 S. W. 947; Mitchell v. Porter (Tex. Civ. App.) 194 S. W. 981; Burkitt v. Wynne (Tex. Civ. App.) 132 S. W. 816; Dickson v. Scharff (Tex. Civ. App.) 142 S. W. 981.

[4] After appellant's plea of privilege had been overruled, the case was called for trial on its merits, and it was forced to proceed with its defense, and in doing so answered to the merits, and impleaded its warrantor, without saving by a special plea its rights under its plea of privilege, and without making such answer subject to its plea of privilege. On this ground appellee asserts that the plea of privilege has been waived. This is not a sound proposition. Having duly prosecuted its plea of privilege to judgment, and having reserved proper exception to that judgment, and taken the necessary steps to perfect its appeal, the filing of an answer and impleading its warrantor did not waive the plea of privilege.

By filing its plea of privilege in the due order of pleading appellant is within the rule announced in Hickman v. Swain, 106 Tex. 431, 167 S. W. 209:

"If the plea of privilege was filed in the due order of pleading, the filing thereafter of a plea over against plaintiff did not affect the right of the defendants to insist upon the transfer of the case to the county in which they resided."

But it is our judgment that this rule based on due order of pleading does not control in this case. We cite the Hickman Case only to answer appellant's proposition that the failure to make the defensive pleas subject to the plea of privilege constituted a waiver. He based his proposition on Douglas v. Baker, 79 Tex. 499, 15 S. W. 801, and insists that there is a conflict between these two cases. That we do not decide. The Douglas Case was cited to the Supreme Court in the Hickman Case and was neither distinguished nor overruled. Being a later expression of the Supreme Court made with the knowledge of its prior decisions, the Hickman Case should control on similar facts. The case at bar on due order of pleading falls directly within the rule of that case. As conflicting with the Hickman Case and supporting the Douglas Case, appellee cites Whisnant v. Kurtz (Tex. Civ. App.) 228 S. W. 977, and Kelly v. National Bank (Tex. Civ. App.) 233 S. W. 782. These decisions by the Courts of Civil Appeals may follow the Douglas Case in principle, rather than the later Hickman Case, but neither of them is on the facts of this case. However, the Supreme Court itself cited the Hickman Case with approval in Gohlman v. Whittle, 115 Tex. 9, 273 S. W. 806, followed by the Austin Court of Civil Appeals in Casualty Co. v. Cameron & Co., 288 S. W. 584. None of the cases thus cited are on all fours with the facts of this case. In all the cases recognizing the principle of waiver, so far as we have examined them, the pleas constituting the waiver were filed after the filing of the plea of privilege but before the plea was disposed of by trial and judgment on its merits. In the case before us the defensive pleas were not filed until after the pleas of privilege had been overruled and the necessary steps taken to perfect the appeal from that judgment. As we understand the facts of this case, it does not involve the proposition of due order of pleading. Under article 2008, Revised Statutes, the defendant may be forced to trial on the merits pending his appeal from an adverse judgment on his plea of privilege. Martin v. McKean & McNeal (Tex. Com. App.) 257 S. W. 241. Therefore he has the right inherent in the due process of law to file all necessary defensive pleas without prejudice to his appeal, since no attempt by legislation has been made to regulate the pleadings. It follows that where a defendant is forced to trial pending his appeal on his plea of privilege, he must proceed as in other cases. The plea of privilege is out of the case, and as between that plea and the subsequent trial of the case on its merits no proposition of due order of pleading can arise under the present statutes. The defendant can forfeit his appeal on his plea of privilege, as the law now stands, only by abandonment or by doing or failing to do

some act in bar thereof. The rule on this proposition is thus stated by 3 C. J. 665:

"In order to bar the right of appeal upon the ground of acquiescence, the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary, and absolute."

See, also, O'Fiel v. Janes (Tex. Civ. App.) 220 S. W. 371. On these facts there was no acquiescence by appellant in the judgment against it. The appeal was duly perfected and duly prosecuted to this court. There is no suggestion of an intent to abandon the appeal. The proposition of abandonment by failure to prosecute an appeal from a judgment on the merits, discussed by us in Medicine Co. v. Avant, 275 S. W. 260, is not in this case.

[5, 6] Appellee insists that the plea of privilege was insufficient in that it did not specifically refer to and embody section 14 of article 1995, supra. This is not a sound proposition. The plea of privilege was a literal compliance with article 2007, Revised Statutes, and therefore sufficient. Under article 2008, Revised Statutes, prescribing the essential elements of a controverting affidavit, it was required of appellee to plead specifically the provisions of the statute sustaining jurisdiction in Harris county. Witting v. Towns (Tex. Civ. App.) 265 S. W. 411. In meeting this burden he pleaded section 23 of article 1995. The issues against the plea of privilege which by statute constitute a prima facie case in favor of the defendant must and can be raised only by the controverting affidavit. The trial court cannot look beyond that plea for grounds to sustain the venue. To hold the affidavit sufficient, we must incorporate within it the allegations of plaintiff's petition. When that is done it appears both on the allegations of the controverting affidavit and by the evidence that plaintiff's case comes within the provisions of section 14 of article 1995. So, as we have already said, if the pleadings and the evidence of appellee make a case under section 23, they also make a case under section 14 of that article. Then, because of the mandatory nature of section 14, it must prevail against section 23.

In further support of his proposition that the plea of privilege was insufficient and that appellant cannot now invoke section 14, article 1995, appellee says in his brief that this provision of the law was not called to the attention of the trial court in any way, that the case was not tried on that theory; therefore it cannot on this appeal invoke section 14. This is a mere assertion by appellee without support in the record. There is nothing to show that section 14 was not called to the court's attention and denied application to the facts of this case. It is the law that appellant cannot try his case upon one

theory in the lower court and upon a different theory in the appellate court. Downs v. Stevenson, 56 Tex. Civ. App. 211, 119 S. W. 315; Haywood v. Scarborough (Tex. Civ. App.) 102 S. W. 469; Bank v. Freeman, 107 Tex. 523, 181 S. W. 187; Kistler v. Latham (Tex. Com. App.) 255 S. W. 983. But before that proposition can be successfully invoked the facts to sustain it must be found in the record. Here, as we have said, the proposition has no support in the facts.

From what we have said, it follows that. the trial court erred in overruling the plea of privilege. It is therefore our order that the judgment of the trial court be reversed and this cause remanded, with instructions to transfer this case to the district court of Montgomery county.

Reversed and remanded, with instructions.