### STARK v. SUPER–COLD SOUTH-WEST CO.

No. 15240.

Court of Civil Appeals of Texas.
Fort Worth.

April 20, 1951.

Rehearing Denied May 18, 1951.

John J. Mead, Jr., of Dallas, Joseph P. Burt, of Fort Worth, for appellant.

Dee Brown Walker and Curtis White, of Dallas, for appellee.

McDONALD, Chief Justice.

This appeal is from an order overruling appellant's plea of privilege to be sued in the county of his residence.

This suit was brought by appellee, Super-Cold Southwest Company, to recover on a promissory note payable in Dallas County, and to foreclose a chattel mortgage lien on certain refrigeration equipment which had been sold to a grocery merchant in Tarrant County. The refrigeration equipment was originally sold to J. J. Stark. Appellant B. E. Stark was made a party defendant, the suit against him being alleged in

two counts of the petition. In the count for judgment on the note and foreclosure of the chattel mortgage, it was alleged that appellant B. E. Stark was in possession of the mortgaged property. In the other count of the petition it was alleged that appellant purchased the stock and fixtures of the grocery store in question without complying with the provisions of Article 4001, R.C.S., often referred to as the Bulk Sales Law. The latter count was based on the theory that appellee was a creditor of said business, and as such was entitled to have appellant Stark treated as a receiver of the property of the grocery store and held liable to the creditors of the former owner of the store for all goods, wares, merchandise and fixtures that came into appellant's hands by virtue of his purchase of the store.

None of the defendants resided in Dallas County, where the suit was brought. Venue is sought to be maintained under Section 5 of Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 5, governing venue of actions on contracts in writing performable in a particular county, and under section 29a, Article 1995, which provides: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ In a suit to foreclose a mortgage, the rule generally is that a person in possession of the mortgaged property is a necessary party to the suit, and venue as to him may be maintained where venue lies as against the principal defendant. Pioneer Building and Loan Association v. Gray, 132 Tex. 509, 125 S.W.2d 284. Appellee's pleadings declared that appellant was in possession of the mortgaged property, but the evidence showed without dispute that he was not in possession of it and that he made no claim to it. The mortgaged property was in the store when appellant purchased the stock and fixtures from a former owner, but appellant did not purchase the mortgaged property involved in this suit, and two letters were written by appellant's attorney to appellee advising that appellant had not purchased the mortgaged property, and requesting appellee to remove it from appellant's premises.

■■ Venue of the action against appellant based on alleged violation of Article 4001 does not lie in Dallas County under any of the subdivisions of Article 1995. Gulf Refining Co. v. Lipscomb, Tex. Civ.App., 41 S.W.2d 248. The effort obviously is to lay venue of such action in Dallas County by tying it onto another cause of action which does not exist in fact. We do not believe that such a result is intended by our venue laws.

■ Appellee argues that the plea of privilege was waived because appellant, after he filed his plea of privilege, filed an answer and cross-action, in which he sought a recovery over against a named person in event judgment should go against appellant on the suit based on alleged violation of Article 4001. Citation was served on this cross-action. Appellant's pleading expressly declared that it was subject to the plea of privilege. We do not accept Whisnant v. Kurtz, Tex.Civ.App., 228 S. W. 977, cited by appellee, as authority compelling us to hold that the plea of privilege was waived. The Supreme Court has held that the filing of a cross-action against the plaintiff, subject to the plea of privilege, is not a waiver of the plea, and it seems to us that the same rule ought to be applied in the situation before us. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209.

The judgment of the trial court is reversed, and judgment is here rendered transferring the cause of action as against appellant to the proper court of Tarrant County, as provided by Rule 89, Texas Rules of Civil Procedure. All costs of appeal, and the costs incurred in the trial court prior to the time such suit is filed in the court to which it is transferred, are assessed against appellee.

Reversed and rendered.